**STATE of Minnesota, Appellant,**

v.

**Bennie Uranus STAFFORD, Respondent.**

**No. C3–83–1075.**

Supreme Court of Minnesota.

Dec. 2, 1983.

William E. Falvey, Ramsey County Public Defender, Cynthia Daly, Asst. Public Defender, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is a pretrial appeal by the state from an order of the district court granting the motion of defendant, who is charged with felony assault in the third degree, Minn.Stat. § 609.223 (1982) (assault inflicting "substantial bodily harm"), to plead guilty to the lesser included misdemeanor offense of assault in the fifth degree (assault inflicting "bodily harm").[1] The issue on appeal is whether the trial court erred in concluding that the state, in opposing the motion, failed to demonstrate, as required by *State v. Carriere,* 290 N.W.2d 618, 620

(Minn.1980), that there is a reasonable likelihood that it could withstand a motion to dismiss the charge at the close of the state's case in chief. Our examination of the record convinces us that the state's offer of proof sufficiently demonstrated that there was a reasonable likelihood that the state could withstand a motion to dismiss the charge of assault in the third degree at the close of the state's case in chief. Accordingly, we reverse the order of the district court and remand for trial on the original charge.

The prosecutor's offer of proof indicated that the state intended to call six witnesses at defendant's trial, including (a) the victim, who would testify that she was having an argument with defendant, that she made no assaultive gesture, and that defendant struck her, knocking her unconscious; (b) a police officer, who would testify that he saw defendant strike the victim two times, once when she was upright, the second time when she was falling; and (c) a medical doctor, who would testify that the victim's nose was fractured. The prosecutor also stated that the other three witnesses would corroborate the victim's testimony.

Arguably, "great bodily harm" is inflicted if one knocks someone out briefly, as alleged here. Minn.Stat. § 609.02, subd. 8 (1982); *State v. Jones,* 266 N.W.2d 706 (Minn.1978). We need not decide this because we are satisfied that if the state can establish that defendant unjustifiably assaulted the victim and broke her nose, the state will be able to withstand a motion to dismiss at the close of its case in chief against defendant. Minnesota Statutes section 609.02, subd. 7a, defines "substantial bodily harm" as "bodily injury which involves a temporary but substantial disfigurement, or which causes a temporary but

[1]. Misdemeanor assault is classified in the 1982 Minnesota Statutes as "assault in the fourth degree." The 1983 legislature enacted a new provision making it assault in the fourth degree, a felony punishable by a year and a day in jail, for a person to assault and inflict "demonstrable bodily harm" on a police officer who is carrying out his official duties. Act of May 19, 1983, Ch. 169, § 1, 1983 Minn.Laws 424 (eff.

May 20, 1983). The new offense will be codified as section 609.2231 in the 1983 Supplement to the Minnesota Statutes. Misdemeanor assault from now on will be classified as assault in the fifth degree but will remain codified as section 609.224. Act of May 19, 1983, Ch. 169, § 2, 1983 Minn.Laws 424. Defendant allegedly committed the assault in this case on June 4, 1983.

substantial loss or impairment of the function of any bodily member or organ, or which causes a fracture of any bodily member." We hold that for the purposes of this provision the nose of a person is a bodily member.

We reject any suggestion that the *Carriere* test requires modification to allow the trial court broad discretion to grant a defendant's motion, over the prosecutor's objection, to plead guilty to a lesser offense.[2]

Reversed and remanded for trial.

---

**2.** The *Carriere* standard has now been incorporated into the language of Minn.R.Crim.P. 15.07 by the revision that became effective August 1, 1983. The revised rule also allows the court to accept the plea to the lesser offense over the prosecutor's objection in order to prevent a manifest injustice. We do not believe that there is any manifest injustice in requiring defendant to stand trial on the charged offense in this case.