**STATE of Minnesota, Appellant,**

v.

**Brian Edward LARKIN, Respondent.**

No. C0–00–1153.

Court of Appeals of Minnesota.

Jan. 2, 2001.

Mike Hatch, Attorney General, St. Paul, and G. Paul Beaumaster, Rice County Attorney, Nathaniel J. Reitz, Assistant Coun-

ty Attorney, Rice County Courthouse, Faribault, for appellant.

Stephen R. Ecker, Faribault, for respondent.

Considered and decided by WILLIS, Presiding Judge, FORSBERG, Judge,* and HOLTAN, Judge.**

## OPINION

WILLIS, Judge

On appeal from dismissal for lack of probable cause, the state challenges the district court's determination that temporary loss of consciousness is not "substantial bodily harm," an element of third-degree assault under Minn.Stat. § 609.223, subd. 1 (1998). Because we conclude that an individual who assaults another, causing temporary loss of consciousness, has inflicted substantial bodily harm, we reverse and remand.

## FACTS

On January 12, 2000, two jailers at the Rice County jail noticed inmate Tracy Sailor trying to get their attention on a surveillance monitor. When they investigated, they found Jesse Fenney unconscious on the floor of the cell he shared with Sailor and respondent Brian Larkin. The jailers called Fenney's name several times; when he eventually opened his eyes he appeared dazed and disoriented. Because Fenney could not stop shaking, he was taken to the hospital, where he was examined and released without treatment. Larkin admitted to having choked Fenney because Fenney had been "pushing his buttons all day" and had insulted him. Larkin was charged with third-degree assault.

At the probable-cause hearing the only issue before the district court was whether temporary loss of consciousness is "sub-

stantial bodily harm," an element of third-degree assault. The court determined that it is not and dismissed the charge against Larkin for lack of probable cause. The state appeals that determination.

## ISSUE

Is an individual who assaults another, causing temporary loss of consciousness, guilty of third-degree assault under Minn. Stat. § 609.223, subd. 1 (1998)?

## ANALYSIS

■ Larkin was charged with third-degree assault. Under Minnesota law, "[w]hoever assaults another and inflicts substantial bodily harm" is guilty of assault in the third degree. Minn.Stat. § 609.223, subd. 1 (1998). Substantial bodily harm is

> bodily injury which involves a temporary but substantial disfigurement, or which causes a temporary but substantial loss or impairment of the function of any bodily member or organ, or which causes a fracture of any bodily member.

Minn.Stat. § 609.02, subd. 7a (1998). The district court, concluding that temporary loss of consciousness is not substantial bodily harm, dismissed the charge against Larkin for lack of probable cause. A dismissal for lack of probable cause is appealable if it is based on a legal determination such as interpretation of a statute. *State v. Ciurleo*, 471 N.W.2d 119, 121 (Minn.App. 1991). As with other legal determinations, such a dismissal is reviewed de novo. *See State v. Linville*, 598 N.W.2d 1, 2 (Minn. App.1999) (reviewing de novo dismissal for lack of probable cause based on statutory interpretation).

In *State v. Stafford*, the supreme court stated, "Arguably, 'great bodily harm' is inflicted if one knocks someone out brief-

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

** Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

ly." [1] *State v. Stafford,* 340 N.W.2d 669, 670 (Minn.1983) (citing *State v. Jones,* 266 N.W.2d 706 (Minn.1978)). But the *Stafford* court went on to state that "[w]e need not decide this" because the defendant was charged with only third-degree assault, and the court was satisfied that if the state could establish that the defendant broke the victim's nose, this alone would meet the requirement of "substantial bodily harm." *Id.* In *State v. Jones,* the case the *Stafford* court cited for the proposition that unconsciousness is "arguably" great bodily harm, the victim was not merely knocked unconscious, but was

> unconscious and on the verge of shock. She had to be put in a "shock suit" for transfer to the hospital. She did not regain consciousness until the following day. She remained hospitalized for a week. * * * [S]he almost suffered a miscarriage and was prescribed bed rest. * * * [H]er left leg was numb for several weeks, she had dizziness and headaches until just before trial, and she still had numbness in her teeth at the time of trial.

*Jones,* 266 N.W.2d at 710. The court concluded that these "*injuries* would seem to fit within the phrase 'other serious bodily harm,' " which is part of the definition of great bodily harm. *Id.* (emphasis added). The court did not determine whether unconsciousness alone was either substantial bodily harm or great bodily harm. *See id.* In *State v. Gorman,* this court cited *Jones* for the proposition that "[a] state of unconsciousness verging on shock" satisfied the "higher standard" of great bodily harm. *State v. Gorman,* 532 N.W.2d 229, 233 (Minn.App.1995). Therefore, the court concluded, "loss of consciousness" and "a

concussion" satisfied the standard of substantial bodily harm. *Id.* Whether a temporary loss of consciousness, on it own, is substantial bodily harm for the purpose of Minn.Stat. § 609.223, subd. 1, is a question of first impression.

■ Substantial bodily harm includes "bodily injury * * * which causes a temporary but substantial loss or impairment of the function of any bodily member or organ." Minn.Stat. § 609.02, subd. 7a. Thus, if an individual assaults another and inflicts bodily injury that causes a temporary but substantial loss or impairment of the function of any bodily member or organ, he or she is guilty of third-degree assault. *See* Minn.Stat. § 609.223, subd. 1. "Unconscious" means "[l]acking awareness and the capacity for sensory perception" or "not conscious." American Heritage Dictionary 1873 (4th ed.2000). Definitions of "conscious" include "[h]aving an awareness of one's environment and one's own existence, sensations, and thoughts" and "[m]entally perceptive or alert." *Id.* at 391. The brain is "the primary center for * * * receiving and interpreting sensory impulses." *Id.* at 222. Thus, an individual who is rendered unconscious temporarily loses or is impaired in a function of the brain, that is, the ability to receive and interpret sensory impulses. Although temporary, this loss or impairment of sensory brain function is total and thus "substantial." [2] Therefore, we conclude that temporary loss of consciousness, on its own, is substantial bodily harm for the purpose of Minn.Stat. § 609.223, subd. 1.

■ Because the district court believed "it is ambiguous whether a brief period of unconsciousness can be charac-

---

1. " 'Great bodily harm' means bodily injury which creates a high probability of death, or which causes serious permanent disfigurement, or which causes a permanent or protracted loss or impairment of the function of any bodily member or organ or other serious bodily harm." Minn.Stat. § 609.02, subd. 8 (1998). It is an element of first-degree assault under Minn.Stat. § 609.221, subd. 1 (1998).

2. In *State v. Williams,* this court noted that the word "substantial," as used in the phrase "substantial bodily harm," "is a term employed in common usage and legal proceedings to mean 'considerable size or amount.' " *State v. Williams,* 451 N.W.2d 886, 890 (Minn. App.1990).

terized as 'substantial bodily harm,' " it applied the rule of lenity, under which "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity towards the defendant." *State v. Orsello*, 554 N.W.2d 70, 74 (Minn.1996) (quotation and citations omitted). "A statute is ambiguous if it is reasonably susceptible to more than one interpretation." *State v. Collins*, 580 N.W.2d 36, 41 (Minn. App.1998), *review denied* (Minn. July 16, 1998) (quotation omitted). In applying the rule of lenity, courts determine the reasonableness of an interpretation by reference to the purpose of the rule, which is to ensure fair public notice of what conduct is considered illegal. *Id.*

Here, there is no question whether the statute makes illegal "assault[ing] another and inflict[ing] substantial bodily harm." Minn.Stat. § 609.223, subd. 1. Defining the infliction of substantial bodily harm to include causing a loss of consciousness is reasonable under the plain-meaning rule. *See Collins*, 580 N.W.2d at 41–42 (applying plain-meaning rule in determining that statute was not ambiguous and rule of lenity did not, therefore; apply); Minn.Stat. § 645.08(1) (1998) (providing that words and phrases are to be construed "according to their common and approved usage"). We do not find it reasonable to conclude that (1) one who assaults another and causes him or her to lose consciousness has not inflicted substantial bodily harm on that person or (2) that a defendant reading the statute would presume so. Because the statute is not reasonably susceptible to more than one interpretation it is not ambiguous, and the rule of lenity is therefore inapplicable.

### DECISION

An individual who assaults another and causes temporary loss of consciousness has inflicted substantial bodily harm and is guilty of third-degree assault under Minn. Stat. § 609.223, subd. 1 (1998).

**Reversed and remanded.**