STATE of Minnesota, Appellant,

v.

Prodochee NMN WILLIAMS,
Respondent.

No. A08–1658.

Court of Appeals of Minnesota.

March 17, 2009.

Lori Swanson, Attorney General, St. Paul, MN, Michael O. Freeman, Hennepin County Attorney, Linda K. Jenny, Assistant County Attorney, Minneapolis, MN, for appellant.

Leonardo Castro, Chief Hennepin County Public Defender, Peter W. Gorman, Assistant Public Defender, Minneapolis, MN, for respondent.

Considered and decided by MINGE, Presiding Judge; LARKIN, Judge; and STAUBER, Judge.

## OPINION

MINGE, Judge.

Appellant prosecutor challenges the district court's determination that a "significant relationship" under Minnesota law does not include a "half-brother" in the term "brother" and the district court's resulting dismissal of a felony criminal complaint for lack of probable cause. We reverse.

## FACTS

Respondent Prodochee Williams was charged with first-degree criminal sexual conduct pursuant to Minn.Stat. §§ 609.342, subds. 1(g), 2; .101, subd. 2; .3455 (2006). The amended complaint alleged that respondent, age 31, sexually penetrated Y.P., his fifteen-year-old half-sister. Appellant prosecutor charged the case under the "significant relationship" portion of the statute. *Id.* Respondent moved to dismiss for lack of probable cause arguing that, although brother and step-brother relationships are specifically prohibited in the statute, "half-brother" is not included in the list of defined "significant relationships." Minn.Stat. § 609.341, subd. 15(2) (2006). The district court concluded that, because the half-sibling relationship between Y.P. and respondent was not included in the list of prohibited relationships in the statute, probable cause did not exist to support the charge under Minn.Stat. § 609.342, subd. 1(g). Based on this conclusion, the district court dismissed the complaint. This appeal follows.

## ISSUES

1. Has the state demonstrated that the dismissal had a critical impact on the outcome of the state's case?

2. Did the district court err when it dismissed the complaint on the basis that the term "significant relationship," as defined in Minn.Stat. § 609.341, subd. 15(2), did not include a half-brother?

## ANALYSIS

A dismissal for lack of probable cause is appealable if it is based on a legal determination. *State v. Ciurleo,* 471 N.W.2d 119, 121 (Minn.App.1991). Under Minn. R.Crim. P. 28.04, this court will only

reverse a pretrial dismissal when the state demonstrates that (1) the district court erred in its judgment; and (2) the error will have a critical impact on the ability to prosecute the case. *State v. McLeod*, 705 N.W.2d 776, 784 (Minn.2005). As a legal determination, dismissal for lack of probable cause based on statutory interpretation is reviewed de novo. *State v. Linville*, 598 N.W.2d 1, 2 (Minn.App.1999).

## I.

■■■ The first issue is whether the dismissal had a critical impact on the outcome of the state's case. Critical impact is a threshold issue. *McLeod*, 705 N.W.2d at 784. Generally, dismissal of the complaint constitutes a critical impact on the prosecutor's case. *See State v. Gauster*, 752 N.W.2d 496, 502 (Minn.2008) (holding suppression of evidence resulting in dismissal meets the critical impact requirement). Respondent argues that the state has not shown critical impact because the district court's order has not terminated *any* possibility of a prosecution based on the same facts, only foreclosing the sibling-sexual-misconduct basis on which the appellant has chosen to prosecute the case. Respondent's argument fails because: (1) the pretrial order resulted in a dismissal; (2) it is not certain that appellant could successfully prosecute respondent on other bases for first-degree criminal sexual conduct; and (3) the appellant has broad discretion to determine how to charge an offense. *See State v. Richmond*, 730 N.W.2d 62, 72 (Minn.App.2007), *review denied* (Minn. June 19, 2007).

## II.

■■■ The second issue is whether the term "brother" in the criminal sexual conduct statute includes half-brother. Respondent was charged with first-degree criminal sexual conduct under Minn.Stat.

§ 609.342, subd. 1(g), which states in relevant part:

> A person who engages in sexual penetration with another person ... is guilty of criminal sexual conduct in the first degree if any of the following circumstances exists:
>
> . . . .
>
> (g) the actor has a *significant relationship* to the complainant and the complainant was under 16 years of age at the time of the sexual penetration.

(emphasis added). Minnesota statute defines a "significant relationship" as:

> a situation in which the actor is:
>
> . . . .
>
> (2) any of the following persons related to the complainant by blood, marriage, or adoption: brother, sister, stepbrother, stepsister, first cousin, aunt, uncle, nephew, niece, grandparent, great-grandparent, great-uncle, great-aunt[.]

Minn.Stat. § 609.341, subd. 15.

■■ "Where the legislature's intent is clearly discernable from plain and unambiguous language, statutory construction is neither necessary nor permitted and we apply the statute's plain meaning." *Hans Hagen Homes, Inc. v. City of Minnetrista*, 728 N.W.2d 536, 539 (Minn.2007); *see also* Minn.Stat. § 645.16 (2006) (providing that when the language of a statute is "clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit"). In contrast, when the language of the statute is ambiguous, the intent of the legislature controls but we assume that the legislature does not intend absurd or unreasonable results. Minn.Stat. §§ 645.16, .17 (2006); *see also State v. Koenig*, 666 N.W.2d 366, 372 (Minn.2003).

## Plain Meaning

Earlier editions of Black's Law Dictionary, published in 1979 and 1990 respectively, defined "brother" to include half-brother:

> Brother. One person is a brother "of the whole blood" to another, the former being a male, when both are born from the same father and mother. He is a brother "of the half blood" to that other (or half-brother) when the two are born to the same father by different mothers or by the same mother to different fathers.

*Black's Law Dictionary* 194 (6th ed.1990); *Black's Law Dictionary* 175 (5th ed.1979). The current version of Black's Law Dictionary defines brother more simply:

> brother. A male who has one parent or both parents in common with another person.

*Black's Law Dictionary* 206 (8th ed.2004). "Sister" is defined identically, except for the gender designation. *Id.* at 1420. The American Heritage Dictionary defines brother as: "A male having the same parents as another or one parent in common with another." *The American Heritage Dictionary* 236 (4th ed.2000). The Oxford English Dictionary defines the term "brother" as:

> The word applied to a male being to express his relationship to others (male or female) as the child of the same parent or parents.
>
> . . . .
>
> ... The son of the same parents. But often extended to include one who has either parent in common with another (more strictly *half-brother*, or *brother of the half blood* )[.]

*The Compact Edition of the Oxford English Dictionary* 1132 (1987). All these definitions of brother include half-brothers or brothers of the half blood; however, the Oxford dictionary recognizes some ambiguity depending on whether terms are used strictly.

Although court decisions have rarely considered the definition of the term "brother," one Minnesota federal district court case held that "[g]enerally speaking, it is universally recognized that 'brother and sister' embraces a brother and sister of the half blood." *Modern Woodmen of America v. Barnes,* 61 F.Supp. 660, 663 (D.Minn.1945).

Some statutes in Minnesota have used detailed definitions for "brother," separately listing half-brothers or half-siblings to make clear how they are treated in the statutory scheme. *See, e.g.,* Minn.Stat. § 256J.08, subd. 34(1) (2008) (defining a family as "the following individuals who live together: a minor child or a group of minor children related to each other as *siblings, half siblings,* stepsiblings, or adoptive siblings ...") (emphasis added); Minn.Stat. § 517.03, subd. 1(a)(2) (2008) (prohibiting marriages "between a brother and a sister, *whether the relationship is by the half or the whole blood* or by adoption") (emphasis added); Minn.Stat. § 527.21(10) (2008) (defining members of a minor's family as "the minor's parent, stepparent, spouse, grandparent, brother, sister, uncle, or aunt, *whether of the whole or half blood* or by adoption.") (emphasis added); Minn. Stat. § 524.2–107 (2008) (specifying that "relatives of the half blood inherit the same share they would inherit if they were of the whole blood."). Other statutes, like the one under consideration, are silent.

Although the dictionary definitions and the *Barnes* case clearly support including half-brother within the term "brother," because some Minnesota laws have explicitly listed half-siblings in other contexts to achieve clarity, we recognize that the statutory reach of the term "brother" for pur-

poses of Minn.Stat. § 609.342, subd. 1(g), is arguably ambiguous. Because of the seriousness of the penalties imposed by this criminal sexual conduct law and because we strive to avoid the risk of an untoward application of the statute, we conclude that in this circumstance we should consider other factors to discern legislative intent.

### Legislative Intent

■■■ To ascertain the legislature's intent when the words of a statute are susceptible of more than one reasonable interpretation, this court examines several factors, including:

(1) the occasion and necessity for the law;

(2) the circumstances under which it was enacted;

(3) the mischief to be remedied;

(4) the object to be attained;

(5) the former law, if any, including other laws upon the same or similar subjects;

(6) the consequences of a particular interpretation;

(7) the contemporaneous legislative history; and

(8) legislative and administrative interpretations of the statute.

Minn.Stat. § 645.16. In determining the intent of the legislature, Minnesota law enumerates several presumptions which courts use to guide their review:

(1) the legislature does not intend a result that is absurd, impossible of execution, or unreasonable;

(2) the legislature intends the entire statute to be effective and certain[.]

Minn.Stat. § 645.17. This court construes criminal statutes strictly. *Koenig,* 666 N.W.2d at 373. However, strict construction does not require that this court assign the narrowest possible interpretation to the statute. *Koenig,* 666 N.W.2d at 373; *State v. Zacher,* 504 N.W.2d 468, 473 (Minn.1993).

The first-degree criminal sexual conduct statute, including the definitional portion, was amended in 1985 to add the language at issue. 1985 Minn. Laws ch. 286, § 14–15. The legislative history available does not clarify the meaning of the term "brother." However, in addition to "brother," the statute defines "significant relationship" to include "... stepbrother, stepsister, first cousin, aunt, uncle, nephew, niece, grandparent, great-grandparent, great-uncle, great-aunt." Minn.Stat. § 609.341, subd. 15.

If this court were to interpret the law to exclude half-brothers, the law would then include step-brothers (with no blood relation) and cousins (genetically more distant than half-brothers) but exclude a brother related by half blood. This result would both be illogical and contrary to the overall statutory purpose of prohibiting intra-family sexual contacts.

Based on the principles of statutory construction and dictionary definitions, we conclude that a half-brother is included in the term "brother" for the purpose of a prosecution for first-degree sexual conduct under Minn.Stat. § 609.341, subds. 1(g) and 15.

### Rule of Lenity

■■■ Finally, respondent argues that Minn.Stat. § 609.341 is a criminal statute and the rule of lenity should apply. "Application of the rule of lenity ensures that criminal statutes will provide fair warning concerning conduct rendered illegal and strikes the appropriate balance between the legislature, the prosecutor, and the court in defining criminal liability." *Liparota v. United States,* 471 U.S. 419, 427, 105 S.Ct. 2084, 2089, 85 L.Ed.2d 434 (1985). In applying the rule of lenity, this court examines the reasonableness of an

interpretation in light of the purpose of the rule, which is to ensure fair public notice of what conduct is considered illegal. *State v. Larkin*, 620 N.W.2d 335, 338 (Minn.App. 2001). Here, respondent is charged with sexually penetrating a young half-sister. There is no reasonable expectation that such conduct is acceptable. There is no credible claim that respondent or others in similar circumstances would be misled or confused by the statute into expecting such conduct is permitted. Based on the list of statutorily prohibited contacts and the standards of conduct in our society, respondent had fair notice that his conduct was prohibited. We conclude that the rule of lenity does not support modification of the conclusion we otherwise have reached.

## DECISION

We conclude that the district court erred in interpreting the term "brother" in Minn. Stat. § 609.341, subd. 15(2), to exclude half-brother and that the resulting dismissal has a critical impact on the state's prosecution. We therefore reverse the dismissal and remand.

**Reversed and remanded.**