# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A15-1678

State of Minnesota,
Respondent,

vs.

Chantel Lynn Carson,
Appellant

**Filed September 6, 2016**
**Affirmed**
**Worke, Judge**

Steele County District Court
File Nos. 74-CR-14-2267, 74-CR-14-2322, 74-CR-15-307

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Daniel A. McIntosh, Steele County Attorney, Laura E. Isenor, Assistant County Attorney, Owatonna, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Lydia Villalva Lijo, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Smith, Tracy M., Presiding Judge; Worke, Judge; and Reilly, Judge.

## S Y L L A B U S

For purposes of proceedings under chapter 169A, 1,1-difluoroethane, known as DFE, meets the definition of a hazardous substance.

# OPINION

**WORKE**, Judge

Appellant challenges her three separate convictions of third-degree driving while impaired (DWI)—operating a motor vehicle while under the influence of a hazardous substance, arguing that her convictions must be reversed because the district court erred in finding that 1,1-difluoroethane (DFE) is a hazardous substance. We affirm.

## FACTS

On November 16, 2014, officers responded to a call that a driver at a restaurant drive-thru appeared to be intoxicated. Officers found appellant Chantel Lynn Carson parked at the drive-thru passed out with a can of gas duster[1] between her right arm and body. Carson was placed under arrest because her behavior indicated inhalant abuse. Carson's blood tested positive for DFE and clonazepam. Carson was charged with third-degree DWI—operating a motor vehicle under the influence of a hazardous substance, in violation of Minn. Stat. § 169A.20, subd. 1(3) (2014), and third-degree DWI—operating a motor vehicle under the influence of a controlled substance, in violation of Minn. Stat. § 169A.20, subd. 1(2) (2014).

On November 23, 2014, officers responded to a welfare check and found Carson slumped over the center console of her running vehicle. After several attempts to wake Carson, she responded. Carson's eyes were watery and bloodshot, her face was sweaty and pale, she was lethargic, her speech was slurred, and her left hand involuntarily

---

[1] Gas duster is a refrigerant-based propellant cleaner used for cleaning electronic equipment by blowing particles and dust. Dust-Off is a brand of gas duster.

twitched. An officer observed a can of gas duster on the passenger side of the vehicle and a second can in the back seat that was extremely cold to the touch, indicating recent use. Carson's chemical test was positive for DFE and clonazepam and she was again charged with two counts of third-degree DWI.

On February 7, 2015, officers received a report of a slumped driver in a vehicle in a ditch off the highway. When officers arrived, the vehicle was gone. Less than an hour later, officers received a report of a driver slumped in a vehicle at a restaurant drive-thru that matched the description from the first-reported incident. When officers arrived, the vehicle was gone. Approximately one-half hour after the second report, officers received a third report of a driver slumped in a vehicle in a business parking lot. The vehicle matched the description of the earlier reports. Officers learned that the vehicle had left and was swerving. An officer finally caught up to the vehicle at a parking lot of another business. Carson was slouched in the driver's seat. Carson did not initially respond to the officer knocking on the window; when she finally did respond, her eyes were bloodshot and watery. The officer found a cold can of gas duster in the back seat, and five additional cans in the vehicle. The result of Carson's chemical test was positive for DFE and lorazepam. Carson was charged with two counts of third-degree DWI.

Carson moved to dismiss all three complaints for lack of probable cause, claiming that there was insufficient proof that she was under the influence of a "hazardous substance" as defined by Minn. Stat. § 169A.03, subd. 9 (2014). During an evidentiary hearing, a forensic scientist for the Minnesota Department of Public Safety and Bureau of

3

Criminal Apprehension testified that DFE is "a propellant commonly seen in cans . . . usually found in products used to clean [computer] keyboards." The scientist explained:

> [DFE] is commonly seen in a product called Dust-Off. It is commonly abused as an inhalant simply because it is easy to obtain and you don't need to be a particular age to acquire it or purchase it, and it will produce a pretty rapid high, as well.
>
> . . . .
>
> The abuse comes from inhaling, whether it be through a small tube . . . or . . . a bag that is held over the nose and mouth of the person . . . .
>
> . . . .
>
> It is flammable. . . . [T]he can is under pressure so there is a hazard . . . .
>
> . . . .
>
> If it is inhaled . . . it can [cause injury].

The district court found that the characteristics of DFE make it a hazardous substance and denied Carson's motion to dismiss. In order to preserve the issue for appeal, the matters were submitted to the district court under Minn. R. Crim. P. 26.01, subd. 4, with regard to third-degree DWI—operating a motor vehicle under the influence of a hazardous substance. Carson agreed that the probable-cause statements in the complaints and the omnibus record constituted the facts of the cases, and that the issue of whether DFE is a hazardous substance under Minnesota law was dispositive. The district court found Carson guilty of three counts of third-degree DWI.[2] This appeal follows.

---

[2] Count 2 of each complaint, operating a motor vehicle under the influence of a controlled substance, was dismissed.

4

**ISSUE**

Did the district court err in determining that DFE is a hazardous substance under chapter 169A?

**ANALYSIS**

Carson stipulated to the state's cases to obtain appellate review of the dispositive pretrial issue. *See* Minn. R. Crim. P. 26.01, subd. 4. Carson argues that the district court erred by determining that DFE is a hazardous substance for purposes of Minn. Stat. § 169A.20, subd. 1(3). We review de novo the district court's denial of Carson's motion to dismiss for lack of probable cause. *See State v. Larkin*, 620 N.W.2d 335, 336 (Minn. App. 2001) (stating that legal determinations, including determinations regarding dismissals for lack of probable cause based on statutory interpretation, are reviewed de novo).

Carson challenges the district court's conclusion that DFE is a hazardous substance. It is a crime for any person to drive, operate, or be in physical control of a motor vehicle when "the person is knowingly under the influence of a hazardous substance that affects the nervous system, brain, or muscles of the person so as to substantially impair the person's ability to drive or operate the motor vehicle." Minn. Stat. § 169A.20, subd. 1(3). Pursuant to Minn. Stat. § 169A.03, subd. 9, "hazardous substance" is defined as: "any chemical or chemical compound that is listed as a hazardous substance in rules adopted under chapter 182 (occupational safety and health)."

Pursuant to Minn. Stat. § 182.655 (2014), the commissioner of labor and industry is authorized to promulgate rules under chapter 182. *See also* Minn. Stat. § 182.651, subd. 2 (2014) (defining commissioner). The rules adopted under chapter 182 include an alphabetical list of hazardous substances. Minn. R. 5206.0400, subp. 5 (2013). DFE is not included in the list of hazardous substances. Because of its exclusion from the list, Carson asserts that DFE cannot be considered a hazardous substance under Minnesota's DWI laws. We disagree.

Although Minn. R. 5206.0400, subp. 5 offers a list of hazardous substances, the rules recognize that the list is incomplete. "The hazardous substance list includes the *majority* of hazardous substances that will be encountered in Minnesota; *it does not include all* hazardous substances and will not always be current." Minn. R. 5206.0400, subp. 1 (2013) (emphasis added). Under the rule, an employer is required to "exercise reasonable diligence in evaluating their workplace for the presence of other recognized hazardous substances." *Id.* In evaluating whether a substance is a hazardous substance, the rule provides definitions for hazardous substances. Under rule 5206.0100, subp. 7 (2013):

> "Hazardous substance" means a chemical or substance, or mixture of chemicals or substances, which:
> A. is regulated by the federal Occupational Safety and Health Administration under Code of Federal Regulations, title 29, part 1910, subpart Z;
> B. is either toxic or highly toxic, an irritant, corrosive, a strong oxidizer, a strong sensitizer, combustible, either flammable or extremely flammable, dangerously reactive, pyrophoric, pressure-generating, a compressed gas, a carcinogen, a teratogen, a mutagen, a reproductive toxic agent, or that otherwise, according to generally accepted

documented medical or scientific evidence, may cause substantial acute or chronic personal injury or illness during or as a direct result of any customary or reasonably foreseeable accidental or intentional exposure to the chemical or substance; or

C. is determined by the commissioner as part of the standard for the chemical or substance or mixture of chemicals and substances to present a significant risk to worker health and safety or imminent danger of death or serious physical harm to an employee as a result of foreseeable use, handling, accidental spill, exposure, or contamination.

The parties agree that the first part of the definition does not cover DFE because it is not regulated by the Federal Occupational Safety and Health Administration under the Code of Federal Regulations. But DFE does fall under the second definition of a hazardous substance.

The forensic scientist testified that DFE is "flammable," can cause injury if inhaled, and that the "can is under pressure so there is a hazard." Photographs were taken of the cans found in Carson's car. Dust-Off is described as "compressed gas." The label warns that the deliberate inhalation of the contents may be "fatal." The label further states that the "product can be ignited," and that "[l]iquid contents may cause frostbite on contact with skin."

At a minimum, DFE (1) is toxic—inhalation of contents may be "fatal," (2) is an irritant—frostbite (causing discomfort to the body), (3) is combustible and flammable,

7

(4) is a compressed gas, and (5) may cause personal injury or illness. Therefore, the district court did not err in concluding that DFE is a hazardous substance.[3]

Additionally, while there is no caselaw in Minnesota holding that DFE is a hazardous substance for purposes of the impaired-driving code, other jurisdictions have concluded that DFE is included under similar impaired-driving laws. In *State v. Pinder*, the Montana Supreme Court held that DFE could be considered a drug and that driving under the influence of DFE is a violation of the driving-under-the-influence statute. 350 P.3d 377, 381-82 (Mont. 2015). And in *People v. Rousso*, the Illinois Court of Appeals held that: "By any reasonable definition, DFE is plainly an 'intoxicating compound' as . . . it was used in this case to excite or stupefy to the point where physical and mental control was markedly diminished." No. 2-14-1128, 2016 WL 100836, at *6 (Ill. App. Ct. Jan. 6, 2016) (quotation omitted). Thus, in *Pinder* and *Rousso*, the courts determined that DFE is a drug or an intoxicating compound, the use of which is prohibited when driving or in physical control of a vehicle.[4]

---

[3] The district court found that DFE is a hazardous substance based on the statutory definition of a hazardous substance under chapter 182. *See* Minn. Stat. § 182.651, subd. 14 (2014). While the statutory definition is nearly identical to the definition of hazardous substance in Minn. R. 5206.0100, subp. 7, section 169A.03, subdivision 9, references the "*rules* adopted under chapter 182" in defining a hazardous substance for purposes of the Minnesota Impaired Driving Code. (Emphasis added.)

[4] In her brief to this court, Carson relied on *State v. Torbeck*, in which the Wisconsin Court of Appeals held in an unpublished opinion that DFE was not "an intoxicant, a controlled substance, a controlled substance analog, or a drug" under the operating-while-intoxicated laws. No. 2012AP522-CR, 2012 WL 3101812, at *2 (Wis. Ct. App. Aug. 1, 2012). But after *Torbeck*, the Wisconsin Legislature added a definition to "intoxicant" to include "hazardous inhalants." *See State v. Duewell*, Nos. 2015AP43-CR, 2015AP44-CR, 2016 WL 1125589, at *5 n.7 (Wis. Ct. App. Mar. 23, 2016). Thus, Carson's reliance is misplaced.

## DECISION

Because we conclude that DFE is a hazardous substance under the Minnesota Impaired Driving Code, the district court did not err in finding Carson guilty of third-degree DWI—operating a motor vehicle under the influence of a hazardous substance, in violation of Minn. Stat. § 169A.20, subd. 1(3).

**Affirmed.**