STATE of Minnesota, Respondent,

v.

Craig Thomas SEIFERT, Appellant.

No. 46637.

Supreme Court of Minnesota.

June 24, 1977.

C. Paul Jones, Public Defender, Robert Oliphant, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Robert W. Johnson, County Atty., Edwin M. Wistrand, Asst. County Atty., Anoka, for respondent.

PER CURIAM.

In this case defendant, represented by privately retained counsel, pleaded guilty to a charge of aggravated robbery in exchange for an agreement by the prosecutor to dismiss two other aggravated robbery charges against defendant. The district court accepted the plea and sentenced defendant to a minimum term of 1 year and 1 day pursuant to Minn.St. 609.11,[1] and a maximum term of 20 years pursuant to Minn.St. 609.245. While defendant's direct

1. Since the offense was committed before the effective date of the 1975 amendments to § 609.11, the court should have sentenced defendant pursuant to Minn.St.1974, § 609.11, which provided for a 3-year minimum. *State v. Spencer,* Minn., 248 N.W.2d 915 (1976).

appeal was pending defendant obtained a stay of the appeal while he petitioned for postconviction relief. Issues raised on this combined appeal from judgment and from the order denying postconviction relief are (1) whether there was an adequate factual basis for concluding that a "dangerous weapon" was used in the robbery (thereby making the robbery an aggravated robbery), and (2) whether imposition of a minimum sentence pursuant to § 609.11 was proper, a question which again relates to whether a "dangerous weapon" was used. We affirm.

Minn.St. 609.245 reads as follows:

"Whoever, while committing a robbery, is armed with a dangerous weapon or inflicts bodily harm upon another is guilty of aggravated robbery and may be sentenced to imprisonment for not more than 20 years or to payment of a fine of not more than $20,000, or both."

Minn.St. 609.11 (both the 1974 version which the district court should have applied and the 1975 version which the district court actually applied) permit imposition of minimum sentences in certain situations when the defendant "had in his possession a firearm or used a dangerous weapon at the time of the offense."

Minn.St. 609.02, subd. 6, defines "dangerous weapon" as—

"* * * any firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or great bodily harm, or any other device or instrumentality which, in the manner it is used or intended to be used, is calculated or likely to produce death or great bodily harm."

When defendant entered his plea he admitted possessing an unloaded Crossman .177-caliber CO 2 BB pistol at the time of the robbery and admitted that to the best of his knowledge the gun his accomplice had possessed during the robbery was a firearm. At the postconviction hearing defendant contended that the pistol he had used was not a "dangerous weapon" within the meaning of § 609.02, and that the gun his accomplice had used was in fact a blank starter pistol. The postconviction court, without making findings with respect to this latter claim, denied relief on the ground that the gun defendant admitted using was clearly a "dangerous weapon" under § 609.02.

In our opinion, the fact that the gun defendant used required gas rather than gunpowder to discharge its projectile does not mean, as defendant contends, that the gun could not be a firearm within the meaning of the term "firearm" used in § 609.02. Having statutory purpose in mind, we think that term should be defined broadly to include guns using newer types of projectile propellants and should not be restricted in meaning to guns using gunpowder. In this respect we note that § 97.-40, subd. 34, defines "firearms" for purposes of game and fish laws as "any gun from which shot or a projectile is discharged by means of an explosive, gas, or compressed air." The gun used by defendant might also qualify as a dangerous weapon under the alternative test contained in § 609.02 ("any device designed as a weapon and capable of producing death or great bodily harm").

In any event, defendant also admitted at the change-of-plea hearing that to the best of his knowledge the gun his accomplice used was a firearm.

In conclusion, defendant's testimony at the change-of-plea hearing provided a sufficient factual basis for the plea, and the district court did not err in determining that a minimum sentence was authorized.

Affirmed.