STATE of Minnesota, Respondent,

v.

Larry Dale BRIDGEFORTH, a.k.a.,
Charles Fish, Appellant.

No. C9-84-1284.

Court of Appeals of Minnesota.

Nov. 13, 1984.

Review Denied Feb. 6, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas J. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Div., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant seeks review of a June 12, 1984 order denying his petition for post-conviction relief. Appellant sought to withdraw his guilty plea to an amended charge of assault in the first degree. We affirm.

## FACTS

When appellant Bridgeforth was arrested and charged with first degree criminal sexual conduct, he gave Charles Fish as his name. His counsel negotiated a plea to assault in the first degree. Based on a criminal history score of zero, the presumptive sentence is 43 months.

Bridgeforth signed a petition to enter a plea of guilty in which he acknowledged that the maximum statutory sentence for first degree assault was ten years and a $10,000 fine. He testified that he fought with the victim and knocked out her tooth. The trial court accepted the plea and noted

that he made no promises on sentence, which could be greater than, or less than, 43 months.

During the presentence investigation, it was discovered that Bridgeforth had attempted to deceive the court and counsel about his identity. Instead of a criminal history score of zero, Bridgeforth had a custody point because the offense was committed while on parole, a misdemeanor point, and five felony points. With a total history score of seven points, the presumptive sentence of 132 months exceeded the statutory maximum.

Bridgeforth's motion to withdraw the plea at the time of sentencing was denied, and the trial court imposed a 120-month prison sentence. Bridgeforth sought post-conviction relief, arguing he was under a misapprehension as to the presumptive sentence and that there was an inadequate factual basis for the plea. The trial court denied the request to withdraw the plea.

## ISSUE

Did the trial court properly refuse to allow the withdrawal of a guilty plea despite the defendant's assertion that he believed he would receive a lesser sentence than actually imposed and that there was an inadequate factual basis for the plea?

## ANALYSIS

1. Bridgeforth asserts his mistaken belief that the sentence would not exceed 43 months required the trial court to permit him to withdraw the guilty plea. Bridgeforth was advised at the time of his plea the sentence could be ten years, and the court could sentence him to more than 43 months.

Bridgeforth's reliance upon *State v. Benson*, 330 N.W.2d 879 (Minn.1983), is misplaced. The trial court there agreed not to depart upward from the presumptive sentence, and counsel was misinformed as to the defendant's criminal history score. The trial court imposed the lower sentence which defendant had expected. The Su-

preme Court reversed, and remanded for resentencing or withdrawal of the plea.

Unlike *Benson*, Bridgeforth was never assured he would receive the presumptive sentence. Additionally, he deceived the court and his counsel about his identity and criminal record. Because his deception was unsuccessful, he hoped to withdraw the plea. His disappointment because the presumptive guidelines sentence was imposed is not grounds for withdrawal of the plea. *See United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980).

2. Assault in the first degree is defined as assault upon another with the infliction of great bodily harm. Minn.Stat. § 609.221 (1982). Great bodily harm is defined as

bodily injury which creates a high probability of death, or which causes serious permanent disfigurement, or which causes a permanent or protracted loss or impairment of the function of any bodily member or organ or other serious bodily harm.

Minn.Stat. § 609.02, subd. 8 (1982).

Bridgeforth concedes the victim lost a tooth when he assaulted her, and offers no authority for his position that the loss of a tooth fails to satisfy the statutory definition of great bodily harm. The nose is a bodily member for purposes of the statute. *State v. Stafford*, 340 N.W.2d 669 (Minn.1983). Similarly, the loss of a tooth is a permanent loss of the function of a bodily member.

## DECISION

Neither Bridgeforth's expectation as to his likely sentence, based upon his deception of the court, nor his allegation of inadequate factual support provided a basis for withdrawal of the guilty plea. The trial court properly denied the petition for post-conviction relief.

Affirmed.