**STATE of Minnesota, Respondent,**

v.

**Michael Anthony BARNER, Appellant.**

No. C1–93–136.

Supreme Court of Minnesota.

Dec. 27, 1993.

---

### ORDER

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that (a) the petition of the State of Minnesota for further review of the decision of the Court of Appeals be, and the same is, granted; (b) the unpublished decision of the court of appeals vacating defendant's conviction of assault in the first degree, Minn.Stat. § 609.221, and remanding to the trial court for resentencing on the lesser offense of assault with a dangerous weapon be, and the same is, reversed; and (c) the defendant's conviction of assault in the first degree be, and the same is, reinstated. The issue is whether there was sufficient evidence that the harm defendant inflicted on the victim was "great bodily harm." Minn.Stat. § 609.02, subd. 8, defines "great bodily harm" as "bodily injury which creates a high probability of death, or which causes serious permanent disfigurement, or which causes a permanent or protracted loss or impairment of the function of any bodily member or organ or other serious bodily harm." Relevant decisions of this court include: *State v. Peters,* 274 Minn. 309, 143 N.W.2d 832 (1966); *State v. Jones,* 266 N.W.2d 706 (Minn.1978); *State v. Stafford,* 340 N.W.2d 669 (Minn.1983). *See also State v. Bridgeforth,* 357 N.W.2d 393 (Minn.App. 1984), *pet. for rev. denied* (Minn.1985); *State v. Anderson,* 370 N.W.2d 703 (Minn.App. 1985), *pet. for rev. denied* (Minn.1985); *State v. Currie,* 400 N.W.2d 361 (Minn.App.1987), *pet. for rev. denied* (Minn.1987). Defendant in this case hit the victim so hard in the head that the victim's head swelled up, making it difficult for him to eat for three days; defendant inflicted multiple stab wounds, one 4 inches deep and the rest 2 inches deep, leaving multiple scars; and defendant injured the victim's hand in such a way as to affect the way the victim, an avid canoeist, paddles his canoe. "At the very least," as in *Jones, supra,* 266 N.W.2d at 710, the injuries "fit within the phrase 'other serious bodily harm'" in section 609.02, subd. 8. The court of appeals' decision is therefore reversed and the judgment of conviction of assault in the first degree is hereby reinstated.

/s/ <u>Alexander M. Keith</u>
Chief Justice