STATE of Minnesota, Respondent,

v.

Jolene Kay COLEMAN, Appellant.

No. A10–1884.

Court of Appeals of Minnesota.

Jan. 3, 2012.

Review Denied March 28, 2012.

Lori Swanson, Attorney General, St. Paul, MN; and Michael O. Freeman, Hennepin County Attorney, Thomas A. Weist, Assistant County Attorney, Minneapolis, MN, for respondent.

Ted Sampsell–Jones, Special Assistant State Public Defender, William Mitchell College of Law, St. Paul, MN, for appellant.

Considered and decided by KALITOWSKI, Presiding Judge; MINGE, Judge; and ROSS, Judge.

## OPINION

KALITOWSKI, Judge.

Appellant Jolene Kay Coleman contends that her prior felony conviction, which was deemed a misdemeanor pursuant to Minn. Stat. § 609.13, is not a predicate felony for the purpose of enhancing her current DWI offense to first degree under Minn.Stat. § 169A.24, subd. 1(3).

## FACTS

On November 13, 1990, appellant pleaded guilty to a felony charge of criminal vehicular operation resulting in injury (CVO) pursuant to Minn.Stat. § 609.21, subd. 2(3) (1988). Section 609.21, subdivision 2(3), criminalized an individual's negligent operation of a motor vehicle, while

having an alcohol concentration of .10 or higher, that caused great bodily harm to another. Appellant was sentenced to a stay of imposition and placed on probation. She successfully completed her probation and, on June 2, 1995, was discharged by an order, which stated, "IT IS ORDERED that Jolene Kay Coleman is hereby discharged from probation and restored to all civil rights.... This offense is deemed to be a misdemeanor under the provisions of [Minn.Stat. §] 609.13."

On February 25, 2010, around 12:50 a.m., appellant was stopped by police officers after the officers received a report of an intoxicated person driving away from a gas station. The officers reported that appellant's eyes were bloodshot, her vehicle smelled of alcohol, and she admitted consuming alcohol prior to driving. When the officers returned to their vehicle to confirm her identity, appellant sped off at up to 80 miles per hour in a 55–mile–per–hour zone and crashed into a median. At 2:05 a.m., a blood test indicated that appellant's alcohol concentration was .20. The state charged appellant with fleeing a police officer in a motor vehicle and two counts of first-degree DWI, based on Minn.Stat. § 169A.20, subd. 1(1), (5) (2008), and enhanced to first degree by her 1990 CVO conviction.

Prior to trial, appellant filed a motion to dismiss the first-degree DWI charges for lack of probable cause, arguing that the 1990 offense was a misdemeanor by operation of section 609.13 and therefore was not a predicate felony capable of enhancing the current offense to first degree. The district court denied the motion. Appellant waived her right to a jury trial and the district court held a stipulated-facts trial. The district court found appellant guilty of one count of first-degree DWI pursuant to sections 169A.20, subdivision 1(1) and 169A.24, subdivision 1(3).

## ISSUE

Is appellant's prior conviction, for which she received a stay of imposition under section 609.13, a predicate felony for the purposes of a first-degree DWI conviction under section 169A.24, subdivision 1(3)?

## ANALYSIS

Appellant contends that because her 1990 CVO conviction was deemed a misdemeanor by operation of Minn.Stat. § 609.13, it does not operate as a predicate felony for the purposes of a first-degree DWI conviction. In support of her position, she argues: (1) the statutory language of section 609.13 is unambiguous and should be interpreted in light of its legislative purposes; and (2) precedent applying section 609.13 in other contexts is distinguishable.

Statutory interpretation is a question of law that is reviewed de novo. *State v. Wertheimer*, 781 N.W.2d 158, 160 (Minn. 2010). "Our goal when interpreting statutory provisions is to ascertain and effectuate the intention of the legislature. If the meaning of a statute is unambiguous, we interpret the statute[ ] ... according to its plain language." *Brua v. Minn. Joint Underwriting Ass'n*, 778 N.W.2d 294, 300 (Minn.2010) (quotation and citation omitted); *see* Minn.Stat. § 645.16 (2010).

A violation of section 169A.20, the Minnesota DWI statute, may be elevated to a first-degree offense due to prior commission of an enumerated offense or impaired-driving incidents. The first-degree DWI statute provides:

A person who violates section 169A.20 (driving while impaired) is guilty of first-degree driving while impaired if the person:

(1) commits the violation within ten years of the first of three or more qualified prior impaired driving incidents;

(2) has previously been convicted of a felony under this section; or

(3) has previously been convicted of a felony under section 609.21, subdivision 1, clause (2), (3), (4), (5), or (6).

Minn.Stat. § 169A.24, subd. 1 (2008). The felonies referenced in subdivision 1(3) are criminal vehicular homicide and criminal vehicular operation involving the use of alcohol or controlled substances in connection with the operation of a motor vehicle and causing injury or death to another. Minn.Stat. § 609.21, subd. 1(2)–(6) (2008).[1]

Under the plain language of section 169A.24, subdivision 1(3), appellant is guilty of first-degree DWI if she "has *previously been convicted of a felony* under section 609.21, subdivision 1, clause (2), (3), (4), (5), or (6)." Minn.Stat. § 169A.24, subd. 1(3) (emphasis added). It is undisputed that appellant was *previously convicted of a felony*; she disputes only whether the conviction currently operates as a felony in this context. The plain meaning of section 169A.24 encompasses appellant's conviction because it refers to the level of the offense at the time of the conviction, rather than the current level or status of the conviction. *See State v. Skramstad*, 433 N.W.2d 449, 453 (Minn. App.1988) ("[T]he plain language ... *'was punishable* by death or imprisonment in excess of one year under the law *under which [the defendant] was convicted'* .... addresses the maximum sentence possible at the time of conviction, not the sentence which was actually given nor any subsequent alteration of the defendant's record." (quoting Minn. R. Evid. 609(a)(1))), *review denied* (Minn. Mar. 13, 1989).

Appellant argues that under the plain language of Minn.Stat. § 609.13, she does not have a predicate felony conviction for purposes of section 169A.24, subdivision 1(3). Section 609.13 provides:

> Notwithstanding a conviction is for a felony: ... (2) the conviction is deemed to be for a misdemeanor if the imposition of the prison sentence is stayed, the defendant is placed on probation, and the defendant is thereafter discharged without a prison sentence.

Minn.Stat. § 609.13, subd. 1(2). Thus, appellant contends that application of section 609.13 requires that her 1990 conviction be "deemed" a misdemeanor. But section 609.13 does not indicate for which purposes it applies. *Id.; cf. In re Woollett*, 540 N.W.2d 829, 832 n. 3 (Minn.1995) (noting that section 609.13 was modeled after section 17(b) of the California Penal Code, which provides that a crime punishable by either imprisonment in state prison or county jail " 'is a misdemeanor for *all* purposes' " if the court " 'grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor' " (emphasis added) (quoting Cal.Penal Code § 17(b), (b)(3) (West Supp.1995))). And precedent has "established that section 609.13 does not require that a felony conviction with a stayed sentence be treated as a misdemeanor for all purposes." *Woollett*, 540 N.W.2d at 832.

In applying section 609.13 to other statutory provisions, the Minnesota Supreme Court has emphasized that legislative intent as to the other statutory provision is persuasive. In *State v. Moon*, 463 N.W.2d 517, 519 (Minn.1990), the supreme court held that the application of section 609.13 rests upon a determination of whether the

---

**1.** Prior to 2007, certain of the section 609.21, subdivision 1, offenses, including appellant's 1990 offense, were codified at subdivisions 2 through 4. *See* 2007 Minn. Laws ch. 54, art. 3, §§ 7–8, at 248–49 (combining offenses); 15, at 251 (repealing subdivisions).

legislature's use of the term "felony" in the other statutory provision was intended to reach felony conduct or a felony disposition. The statutory firearm restriction at issue in *Moon* applied to a " 'person who ha[d] been convicted of a crime of violence,' " which was defined as " 'includ[ing] ... felonious theft.' " *Id.* at 519–20 (quoting Minn.Stat. §§ 609.165, subd. 1a, 624.712, subd. 5 (1990)). The defendant was convicted of felony theft, the conviction was deemed to be for a misdemeanor pursuant to section 609.13, and the defendant argued that his conviction was not for "felonious" theft. *Id.* at 519. The supreme court stated, "The answer depends on whether the legislature intended to impose the firearms restriction based on the *nature of the offense* for which the individual was convicted or based on the *subsequent treatment* of the offender." *Id.* (emphasis added). The court noted that in defining "crimes of violence," the legislature listed numerous offenses but modified only three with the words "felony" or "felonious"; many of the qualifying offenses were misdemeanors. *Id.* at 520. Accordingly, the court determined that the legislature used the words "felonious" and "felony" "as a means to define the elements of the crimes" rather than to "bring into play section 609.13." *Id.* at 520–21. Further, "[s]ection 609.13 does not preclude the legislature from imposing consequences, as it did in this case to protect the safety of the public, based on an offender's commission of criminal acts which also constitute felonies." *Id.* at 521; *see also State v. Anderson*, 733 N.W.2d 128, 136 (Minn. 2007) ("[The defendant] has been convicted of felony second-degree burglary. His conviction was later deemed a misdemeanor, but that does not change his underlying conviction for the purposes of the [firearm prohibition] statute." (alteration in original) (quotations omitted)).

Similarly, in *Woollett*, the supreme court held that a peace officer's felony conviction, which was deemed a misdemeanor pursuant to section 609.13, constituted a felony under licensing rules and thus precluded him from employment. 540 N.W.2d at 832–34. The court explained that the rule drafters intended to reach conduct rather than treatment of the offender:

> The rules prohibit any person who has been convicted of a felony from acquiring a peace officer license. Therefore, because [the appellant] was convicted of a felony ... he cannot become a licensed peace officer. The fact that he was sentenced for a misdemeanor does not alter the fact that his conduct ... warranted a felony conviction.

*Id.* at 832 (quotation omitted). The analysis set forth in *Moon* and *Woollett* guides us here.

Appellant argues that, in section 169A.24, there is no evidence of specific legislative intent to reach felony conduct. We disagree. In *Moon*, the legislature's identification of specific predicate offenses, as opposed to any or all offenses receiving a felony sentence, demonstrated that the legislature's concern was prior conduct. *Moon*, 463 N.W.2d at 520–21. Likewise, in Minn.Stat. § 169A.24, the list of predicate offenses is limited to specific alcohol- and substance-related driving offenses. *See* Minn.Stat. § 609.21, subd. 1(2)–(6). The list specifically excludes each offense under section 609.21, subdivision 1, that does not involve alcohol or substance use, despite the fact that the legislature designated felony-level punishment for such offenses. *See* Minn.Stat. § 609.21, subds. 1(1), (7)–(8), 1a (2008).

In addition, incidents that are not crimes are included as predicate offenses. *See* Minn.Stat. §§ 169A.24, subd. 1(1) (providing that a DWI offense is enhanced to first

degree if the person commits the offense within ten years of the first of three or more "qualified prior impaired-driving incidents"), .03, subd. 22 (2008) (defining "qualified prior impaired driving incident" as including "prior impaired driving-related losses of license"). Thus, the legislature did not intend to include all felony criminal vehicular homicide or CVO convictions, nor did it restrict predicate offenses to criminal convictions. This supports the conclusion that the legislature was focused on the nature of prior conduct—prior chemical impairment—as opposed to the subsequent treatment of such conduct.

We also note that the legislature added subdivision 1(3) to section 169A.24 in 2006, after the supreme court issued its decision in *Moon.* *See* 2006 Minn. Laws ch. 260, art. 2, § 3, at 734. And "[w]e presume that the legislature acts with full knowledge of ... existing caselaw." *State v. Fleming,* 724 N.W.2d 537, 540 (Minn.App. 2006). Based on the plain language of section 169A.24, subdivision 1(3), and the supreme court's decisions in *Moon* and *Woollett,* we conclude that section 609.13 does not apply to the predicate-felony-conviction requirement of section 169A.24, subdivision 1(3).

Finally, appellant argues that section 609.13 should be interpreted in light of its purposes to aid sentencing and plea bargaining and to provide incentives for offenders not to reoffend. But appellant's general arguments as to the utility and value of section 609.13 are not persuasive because the issue before the court does not concern plea bargaining or sentencing relating to appellant's 1990 CVO conviction.

### DECISION

Because appellant was previously convicted of a predicate felony, the district court did not err by enhancing her offense to first-degree DWI under Minn.Stat. § 169A.24, subd. 1(3). Therefore, we affirm her conviction.

**Affirmed.**