*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0583**

State of Minnesota,
Respondent,

vs.

Marcus Darrell Pederson,
Appellant.

**Filed February 29, 2016
Affirmed
Randall, Judge**[*]

Hennepin County District Court
File No. 27-CR-14-17097

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Michael W. Kunkel, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Halbrooks, Presiding Judge; Chutich, Judge; and Randall,

Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**RANDALL**, Judge

Appellant Marcus Darrell Pederson challenges his conviction of possession of a firearm by a prohibited person, arguing that the district court improperly instructed the jury that the definition of "firearm" includes a BB gun. We affirm.

## FACTS

On June 12, 2014, Pederson was stopped by law enforcement on suspicion of burglary. Officers searched Pederson and recovered a BB gun. Because of a prior conviction of simple robbery, Pederson is an individual who is prohibited from possessing a firearm. On June 16, Pederson was charged with one count of possession of a firearm by a prohibited person in violation of Minn. Stat. § 624.713, subds. 1(2), 2(b) (2012).

At trial, the state requested the district court to instruct the jury that a BB gun is a firearm under Minnesota law. Over Pederson's objection, the court instructed the jury that the first element of possession of a firearm by a prohibited person is:

> [T]he defendant knowingly possessed a firearm, or consciously exercised dominion and control over it. Firearm means a device designed to be used as a weapon from which is expelled a projectile by the force of any explosion or force of combustion, and includes, among other things, a BB gun.

The jury found Pederson guilty on November 26, 2014. On January 9, 2015, the district court sentenced Pederson to 60 months in prison. Pederson appeals.

# D E C I S I O N

**The district court properly instructed the jury that the definition of firearm includes a BB gun.**

District courts have considerable latitude in selecting the language of jury instructions. *State v. Gatson*, 801 N.W.2d 134, 147 (Minn. 2011). We review a district court's jury instructions for an abuse of discretion. *State v. Koppi*, 798 N.W.2d 358, 361 (Minn. 2011). When reviewing jury instructions for error, we view the instructions as a whole to determine if they fairly and adequately explain the law. *State v. Kuhnau*, 622 N.W.2d 552, 555-56 (Minn. 2001). A district court errs if the jury instructions materially misstate the law. *Id*. at 556.

In *State v. Fleming*, we reviewed a district court's dismissal of a charge of possession of a firearm by a prohibited person under Minn. Stat. § 624.713, subd. 1 (2004) for lack of probable cause. 724 N.W.2d 537, 538-39 (Minn. App. 2006). The district court's interpretation of the law was that the statute did not prohibit a person convicted of a crime of violence from possessing a BB gun. *Id*. at 539. We reversed, holding that the operative definition of "firearm" includes a BB gun for purposes of Minn. Stat. § 624.713, subd. 1. *Id*. at 540-41 (noting that a gas-cartridge BB gun satisfies the definition of "firearm" applied in *State v. Seifert*, 256 N.W.2d 87, 88 (Minn. 1977)).[1]

---

[1] On December 15, 2015, our supreme court granted review of *State v. Haywood*, 869 N.W.2d 902 (Minn. App. 2015), in which we held that a BB gun is a firearm within the meaning of prohibited possession of a firearm by a person convicted of a crime of violence. The supreme court decision could affect the law.

3

Pederson argues that although *Fleming* held that a BB gun satisfies the definition of "firearm," it was still error for the district court to instruct the jury of this fact because doing so effectively directed a verdict on an element of the charged offense. Pederson asserts that our holding in *State v. Bridgeforth*, 357 N.W.2d 393 (Minn. App. 1984), *review denied* (Minn. Feb. 6, 1985), and the supreme court's subsequent holding in *State v. Moore*, 699 N.W.2d 733 (Minn. 2005), provide the logical framework for why the district court erred in giving its instructions. In *Bridgeforth*, we analyzed whether there was an adequate factual basis for a plea to first-degree assault, which required proof that the victim suffered great bodily harm. 357 N.W.2d at 394. In his plea, Bridgeforth admitted that the victim lost her tooth when he assaulted her. *Id*. at 393. We held that the admission that the victim lost her tooth was adequate to establish the great-bodily-harm element. *Id.* at 394.

Subsequently, in *Moore* a defendant was on trial for a charge of first-degree assault for an incident that also involved the loss of the victim's tooth. 699 N.W.2d at 735. At trial, the district court instructed the jury—over the defendant's objection—that the loss of a tooth equated to great bodily harm. *Id*. at 736. The supreme court reversed, stating that the question of whether an injury constitutes great bodily harm is a question for the jury. *Id*. at 737. The supreme court held that the district court erred because the jury was effectively instructed that this element had been established. *Id*. This violated the requirement that a criminal conviction "must rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." *Id*. (quotation omitted).

Pederson points out that *Bridgeforth* held that the loss of a tooth satisfied the element of great bodily harm, and *Moore* held that instructing the jury of this fact was error.

4

Accordingly, Pederson argues that although *Fleming* held that a BB gun is a firearm as a matter of law, we should hold that instructing the jury of this fact was also error. We are not persuaded.

*Bridgeforth* only addressed the adequacy of the factual basis for a guilty plea and did not establish that a loss of a tooth constitutes great bodily harm as a matter of law. 357 N.W.2d at 394. This was the reason why the *Moore* court held that it was error to instruct the jury that the loss of a tooth constitutes great bodily harm. 699 N.W.2d at 737 ("[T]here is a distinction between determining whether the evidence was sufficient to support a plea or conviction . . . and instructing the jury as a matter of law that an element of the offense has been established."). Contrastingly, *Fleming* did not address adequacy of a factual basis, but established that, under Minn. Stat. § 624.713, a BB gun is a firearm as a matter of law. 724 N.W.2d at 540-41. The district court "must instruct the jury on all matters of law necessary to render a verdict." Minn. R. Crim. P. 26.03, subd. 19(6). Here, the court instructed the jury that the definition of a firearm includes a BB gun. The instruction was an accurate description of the law that was stated in *Fleming*.[2]

**Affirmed.**

---

[2] We also note that "on its own motion, the [district] court may sentence the defendant without regard to the mandatory minimum sentences . . . if the court finds substantial and compelling reasons to do so." Minn. Stat. § 609.11, subd. 8 (2014). Statistics requested from the Minnesota Sentencing Guidelines Commission show that from 2010-2014, 1,572 offenders were sentenced for convictions of possession of a firearm by a prohibited person, with 33% of those individuals receiving mitigated dispositional departures. And 27% of those departures were based on the offense being less onerous, the weapon type being less serious, or the gun not being loaded.