**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A15-2061**

State of Minnesota,
Respondent,

vs.

Lue Yang,
Appellant.

**Filed November 14, 2016**
**Reversed**
**Johnson, Judge**

Hennepin County District Court
File No. 27-CR-15-10663

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Michael W. Kunkel, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Johnson, Presiding Judge; Reyes, Judge; and Tracy M. Smith, Judge.

## S Y L L A B U S

A BB gun that is powered by compressed air is not a "firearm," as that term is used in section 624.713, subdivision 1, of the Minnesota Statutes.

# OPINION

**JOHNSON**, Judge

A Hennepin County jury found Lue Yang guilty of being an ineligible person in possession of a firearm, in violation of section 624.713, subdivision 1, of the Minnesota Statutes. The conviction is based on evidence that Yang possessed a BB gun that is powered by compressed air. On appeal, Yang argues that the evidence is insufficient to support the conviction because, as a matter of law, the BB gun at issue is not a firearm. Yang is correct because the plain language of section 624.713, subdivision 1, applies only to a gun that is powered by the explosive combustion of gunpowder. Therefore, we reverse the conviction.

## FACTS

On April 20, 2015, a Richfield police officer stopped a vehicle that was driven by Yang. The officer arrested Yang and, in connection with the arrest, searched the vehicle. During the search, the officer saw an item under the driver's seat that appeared to be a handgun. Another officer photographed the item, removed it from the vehicle, and identified it as a compressed-air BB gun. Yang does not challenge the arrest or the search of the vehicle.

The state charged Yang with possession of a firearm by an ineligible person, in violation of Minn. Stat. § 624.713, subd. 1(2) (2014). At trial, one of the officers testified that the item found under the driver's seat of the vehicle is a BB gun that is powered by compressed air, specifically, carbon dioxide ($CO_2$) that is contained in an attached cartridge. After the state rested its case, Yang moved for a judgment of acquittal. He

2

argued, in part, that the state had failed to prove its case because a BB gun is not a firearm. The district court denied the motion, stating that a BB gun is a firearm for purposes of the statute under which Yang was charged.

The jury found Yang guilty. The district court sentenced him to 60 months of imprisonment. Yang appeals.

## ISSUE

Is the evidence sufficient to support Yang's conviction of being an ineligible person in possession of a firearm, in violation of section 624.713, subdivision 1, of the Minnesota Statutes, given the state's evidence that he possessed a BB gun that is powered by compressed air?

## ANALYSIS

Yang challenges his conviction by making four arguments. Through appointed counsel, he argues that he did not commit a crime because the BB gun found under the driver's seat is not a "firearm," as that term is used in section 624.713, subdivision 1, of the Minnesota Statutes, and that the state's evidence is insufficient to prove that he knew that the BB gun was under the driver's seat. In a *pro se* supplemental brief, Yang argues that the district court erred by denying his mid-trial motion for a judgment of acquittal, which raised the question whether a BB gun is a firearm for purposes of section 624.713, subdivision 1, and by giving the jury an erroneous instruction about the applicable law. We begin by considering Yang's argument that a BB gun is not a firearm for purposes of section 624.713, subdivision 1.

3

The statute under which Yang was charged and convicted provides, "The following persons shall not be entitled to possess ammunition or a pistol[1] or semiautomatic military-style assault weapon or . . . any other firearm: . . . ." Minn. Stat. § 624.713, subd. 1 (2014). The statute describes 13 categories of persons who are ineligible to possess the specified items. Minn. Stat. § 624.713, subd. 1(1)-(13). The state alleged in its complaint that Yang is within the second category of ineligible persons because he previously had been convicted of "a crime of violence." *See* Minn. Stat. § 624.713, subd. 1(2). At trial, Yang stipulated that he was not eligible to possess a firearm.

The narrow issue to be resolved in this appeal is whether the BB gun that was found under the driver's seat of the vehicle is a firearm. When Yang moved for a judgment of acquittal, counsel for both parties acknowledged this court's opinion in *State v. Fleming*, 724 N.W.2d 537 (Minn. App. 2006). In that case, a person was charged with violating section 624.713, the statute under which Yang was convicted, based on evidence that he possessed a BB gun. *Fleming*, 724 N.W.2d at 538 (citing Minn. Stat. § 624.712, subd. 1(b) (2004)). The district court granted the defendant's motion to dismiss, and the state appealed. *Id.* This court analyzed the issue whether a BB gun is a firearm by noting that the supreme court previously had given a broad interpretation to the term "firearm." *Id.* at 539-40 (citing *State v. Seifert*, 256 N.W.2d 87 (Minn. 1977)). We also noted that the

_____

[1]The state does not argue that a BB gun is a pistol. *See* Minn. Stat. § 624.713, subd. 1(2). The term "pistol" is defined in chapter 624 of the Minnesota Statutes in such a way as to preclude such an argument: "'Pistol' does not include a device firing or ejecting a shot measuring .18 of an inch, or less, in diameter and commonly known as a 'BB gun' . . . ." Minn. Stat. § 624.712, subd. 2 (2014).

legislature did not codify a different definition of the term "firearm" when amending section 624.713 in 1994, and we applied a presumption that the legislature was aware of and adopted the definition provided by the caselaw. *Id.* at 540. We therefore concluded that the term "firearm," as used in section 624.713, "includes a BB gun." *Id.* at 541.

Since Yang's trial, this court's opinion in *Fleming* has been called into question. After the parties submitted their briefs in this appeal, the supreme court issued an opinion that speaks directly to the meaning of the word "firearm" in this context. In *State v. Haywood*, ___ N.W.2d ___, 2016 WL 6127735 (Minn. Oct. 19, 2016), the defendant was convicted of being an ineligible person in possession of a firearm, in violation of section 609.165, subdivision 1(b), of the Minnesota Statutes, based on evidence that he possessed a BB gun. *Id.* at *1. On appeal, he argued that a BB gun is not a "firearm," as that term is used in section 609.165, subdivision 1(b). *Id.* at *3. The supreme court noted that the term "firearm" is not defined in section 609.165 or elsewhere in chapter 609. *Id.* at *2, *4. In the absence of a statutory definition, the supreme court referred to the plain meaning of the word. *Id.* at *4. The supreme court reviewed definitions in various lay dictionaries, which typically describe a "firearm" as a weapon that uses the explosive combustion of gunpowder to propel a projectile. *Id.* Accordingly, the supreme court held that the plain meaning of the word "firearm" is a weapon that uses explosive force. *Id.* Applying that definition, the supreme court reversed and vacated Haywood's conviction, which was based on his possession of a BB gun powered by compressed air. *Id.* at *4-5.

5

Because *Haywood* interpreted section 609.165, while Yang's conviction is based on section 624.713, *Haywood* does not control this case in the strictest sense.  But the analysis in *Haywood* also is the proper analysis here.  In this case, as in *Haywood*, the term "firearm" is not defined in the relevant statutes.  *See* Minn. Stat. ch. 624.  Consequently, in this case, as in *Haywood*, this court must refer to the plain meaning of the word "firearm."  *See Haywood*, 2016 WL 6127735, at *4.  Following *Haywood*, we naturally reason that the plain meaning of the word "firearm," as used in section 624.713, is the same as the plain meaning that was given to the word in *Haywood*: a weapon that propels a projectile using the explosive combustion of gunpowder.  *See id.*  This interpretation of the term "firearm" in section 624.713 is inconsistent with our prior opinion in *Fleming*.  *Compare id.*, *with Fleming*, 724 N.W.2d at 539-41.  It is apparent that the supreme court's opinion in *Haywood* implicitly overruled this court's opinion in *Fleming*.

Given the plain meaning of the word "firearm," we conclude that Yang did not possess a firearm when he was arrested on April 20, 2015.  The state's evidence is capable of proving only that Yang possessed a BB gun that is powered by compressed air from a cartridge containing $CO_2$; the state's evidence is not capable of proving that Yang possessed a weapon that propels a projectile using the explosive combustion of gunpowder.  *See Haywood*, 2016 WL 6127735, at *4.  Thus, the evidence is insufficient to support Yang's conviction of being an ineligible person in possession of a firearm, in violation of section 624.713, subdivision 1, of the Minnesota Statutes.  In light of that conclusion, we need not consider Yang's other arguments for appellate relief.

## D E C I S I O N

Because a BB gun powered by compressed air is not a "firearm," as that term is used in section 624.713, subdivision 1, of the Minnesota Statutes, the state's evidence is insufficient to support Yang's conviction, which is hereby vacated. *See Haywood*, 2016 WL 6127735, at \*4 & n.5

**Reversed.**