STATE of Minnesota, Respondent,

v.

Martin Dean WAUKAZO, Appellant.

No. C4–85–442.

Court of Appeals of Minnesota.

Oct. 1, 1985.

Review Denied Nov. 1, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Anne E. Peek, Asst. Co. Atty., Minneapolis, for respondent.

C. Paul Jones, Minnesota State Public Defender, Kathy King, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Appellant Martin Waukazo was convicted of second-degree assault and first-degree criminal sexual conduct in violation of Minn.Stat. §§ 609.222 and 609.342 (1984). He contends that the trial court committed reversible error in allowing *Spreigl* evidence of prior domestic violence between him and the complainant, his wife. Waukazo also contends that testimony regarding a statement he made to a police officer after receiving *Miranda* warnings was admitted in violation of his constitutional rights of due process and the privilege against self-incrimination. Waukazo further contends that the prosecutor committed misconduct in closing argument by referring to the *Spreigl* evidence and his post-*Miranda* statements. We affirm.

## FACTS

Martin and Janice Waukazo were married in October 1982 and separated after the birth of their daughter in July 1983. In September 1984 Martin Waukazo entered Janice Waukazo's apartment without her permission, threatened her with a knife, and raped her. Janice Waukazo said that she did not resist because she feared for her life and the safety of her infant daughter, who was present in the apartment. After he fell asleep, Janice Waukazo took her daughter to a neighbor's apartment and called the police. After Waukazo had been arrested and given a *Miranda* warning, he made several comments to the effect that he couldn't be charged with raping his wife.

Waukazo was charged with one count each of first-degree burglary, second-degree assault, and first-degree criminal sexual conduct. The trial court ruled that four prior incidents of Martin Waukazo's violent behavior toward Janice Waukazo were admissible as *Spreigl* evidence. The evidence consisted of testimony about and photographs of injuries sustained by Janice Waukazo in assaults that took place in January, March and April 1983, and a forced incident of sexual intercourse in August 1984.

Martin Waukazo testified at trial and claimed Janice Waukazo consented to intercourse. The jury convicted him of second-degree assault and first-degree criminal sexual conduct.

## ISSUES

1. Did the trial court abuse its discretion by admitting *Spreigl* evidence of appellant's prior violent behavior toward the complainant?

2. May appellant challenge the admission of evidence on constitutional grounds and raise issues of prosecutorial misconduct on appeal when he did not object at trial?

## ANALYSIS

### I

Evidence of other crimes or misconduct is not admissible to prove a person's character, but may be admissible to prove motive, opportunity or intent. Minn. R.Evid. 404(b). In applying this rule the trial court must determine if the evidence is relevant, if the evidence of the defendant's participation is clear and convincing,

and if the probative character of the evidence outweighs its potential for unfair prejudice. *State v. Kumpula,* 355 N.W.2d 697, 702 (Minn.1984) (*quoting State v. Filippi,* 335 N.W.2d 739, 743 (Minn.1983)). To be relevant, the other crime must generally be similar in some way—either in time, location or *modus operandi*—to the charged offense. *See id.*

█ Waukazo asserts that evidence of his prior assaults and forced sexual intercourse with his wife was prejudicial because it was used to establish an "assaultive propensity" on his part. *See, e.g., State v. Langley,* 354 N.W.2d 389, 396 (Minn. 1984). This evidence was admitted, however, to illuminate their relationship and place the incident with which Waukazo was charged in proper context. *See State v. Volstad,* 287 N.W.2d 660, 662 (Minn.1980). It was undeniably relevant:

> Where the prior offense occurred with the same victim and was misconduct of the same or similar character, [it gives] rise to a strong inference the illicit relationship once created continued, and tended to characterize the conduct * * * of defendant toward the victim of the offense for which he was being prosecuted.

*State v. Spreigl,* 272 Minn. 488, 491, 139 N.W.2d 167, 169 (1965) (footnote omitted). The other incidents were recent, they occurred in Janice Waukazo's home, and they corroborated her testimony regarding the charged offenses. The trial court acted within its discretion in admitting the *Spreigl* evidence. Furthermore, the trial court guarded against undue prejudice by giving a cautionary instruction both before the *Spreigl* evidence was presented and with the final charge. We find no error.

## II

Waukazo contends that testimony regarding statements he made to police in response to a *Miranda* warning should not have been admitted into evidence. He also claims he was prejudiced by improper remarks in the prosecutor's closing argument.

After a second *Miranda* warning at the police station, Waukazo was asked whether he would talk about the case and responded "Suck my dick." The officer asked him if that meant he did not wish to talk, and Waukazo said "yes." The prosecution elicited these statements in its case-in-chief and said in closing argument that "these are not the words of an innocent man." Waukazo did not object to the testimony or to the closing argument.

Waukazo characterizes this argument as an impermissible comment on his refusal to speak to the police. He argues that this was his way of telling the police he wanted to remain silent. The State argues that Waukazo's statements were voluntary and that his use of aggressive and sexually charged words was highly relevant.

█ Generally it is impermissible to allow the prosecution to comment on the *Miranda* warning and the defendant's decision to remain silent. *See State v. Combs,* 292 Minn. 317, 322, 195 N.W.2d 176, 179 (1972). Some of the prejudice was eliminated because Waukazo testified on his own behalf at trial. Furthermore, it is clear from the record that the prosecution focused on the probative value of Waukazo's response, not his desire to remain silent. The evidence regarding the circumstances of the *Miranda* warning may have been used as foundation for subsequent admissible statements. *See id.* In view of Waukazo's failure to object, we conclude that he forfeited his right to have the issue considered on appeal. *See id.* at 323, 195 N.W.2d at 179; *State v. Darveaux,* 318 N.W.2d 44, 49–50 (Minn.1982).

█ In addition, Waukazo argues that even if the trial court properly admitted the *Spreigl* evidence, the State improperly used it in closing argument. The theme of the prosecutor's closing argument was that Waukazo was willing to use force against Janice Waukazo when he didn't "get his way." Again, Waukazo failed to enter an objection. We conclude that he waived his right to raise this issue on appeal because the argument was not unduly prejudicial.

*See, e.g., State v. Parker*, 353 N.W.2d 122, 127–28 (Minn.1984).

## DECISION

The trial court acted within its discretion in admitting the *Spreigl* evidence to show the relationship that existed between appellant and the complainant at the time of the charged offense. Review of other issues was forfeited by appellant's failure to object at trial.

Affirmed.