STATE of Minnesota, Respondent,

v.

Lamont Terell MAYL, Appellant.

No. A13–0083.

Court of Appeals of Minnesota.

Aug. 26, 2013.

Lori Swanson, Attorney General, St. Paul, MN; and Michael O. Freeman, Hennepin County Attorney, Elizabeth Johnston, Jean Burdorf, Assistant County Attorneys, Minneapolis, MN, for respondent.

William M. Ward, Hennepin County Public Defender, James A. Kamin, Assistant Public Defender, Minneapolis, MN, for appellant.

Considered and decided by STAUBER, Presiding Judge; HUDSON, Judge; and SCHELLHAS, Judge.

## OPINION

HUDSON, Judge.

Appellant challenges his executed 60–month sentence of imprisonment for possession of a firearm by an ineligible person, arguing that the district court erred by concluding that Minn.Stat. § 609.1055 does not authorize a district court to stay a prison sentence when an executed sentence of imprisonment is mandatory under Minn.Stat. § 609.11, subd. 8(b). We affirm.

## FACTS

In March 2012, police apprehended appellant Lamont Terell Mayl while responding to a 911 call that reported a man running down Franklin Avenue carrying a gun. When he was apprehended, appellant was in possession of a black BB gun and a stun gun. At the time of the offense, appellant was on probation for his 2010 conviction of ineligible person in possession of a firearm.

Appellant pleaded guilty to one count of possession of a firearm by an ineligible person in violation of Minn.Stat. § 624.713, subd. 1(2) (2010),[1] and one count of possession of an electronic incapacitation device by an ineligible person in violation of Minn.Stat. § 624.731, subd. 3(b) (2010). The mandatory minimum sentence for the offense of possession of a firearm by an ineligible person is five years of imprisonment. Minn.Stat. § 609.11, subd. 5(b) (2010). The district court is required to execute this sentence if the offender has a

---

1. A BB gun is considered a "firearm" for purposes of the offense of possession of a firearm by an ineligible person. *State v.* *Fleming,* 724 N.W.2d 537, 540 (Minn.App. 2006).

prior conviction in which the offender used or possessed a firearm, including possession of a firearm by an ineligible person. Minn.Stat. § 609.11, subds. 8(b), 9 (2010).

Appellant moved for a downward dispositional departure, arguing that because of his serious and persistent mental illness, the district court had discretion to sentence him to probation under Minn.Stat. § 609.1055 and that Minn.Stat. § 609.11 does not prevent the exercise of that discretion. At the sentencing hearing, appellant presented evidence—which the state did not dispute—that his 18–year history of schizophrenia has rendered him a vulnerable adult. His probation officer, case manager, psychiatrist, and psychiatric nurse all testified that since his arrest, appellant's conditional release program—which required participation in a mental health program, regular UAs, and monthly medication injections—had been successful and that he would not pose a risk to public safety if given a probationary sentence that imposed requirements similar to his conditional release. These witnesses also testified that a prison sentence would be detrimental to appellant's treatment and overall well-being.

The district court issued a sentencing order holding that section 609.1055 does not authorize a district court to stay a prison sentence when an executed sentence is mandatory under Minn.Stat. § 609.11, subd. 8(b). The district court reasoned that, under section 609.1055, "serious and persistent mental illness" is simply an additional mitigating factor that can constitute a basis for departure and therefore is subject to the mandatory dictates in Minn.Stat. § 609.11, subd. 8(b). Accordingly, the district court had no discretion to downwardly depart. Appellant was sentenced to an executed five-year term of imprisonment. This appeal follows.

## ISSUE

Did the district court err by concluding that it did not have discretion under Minn. Stat. § 609.1055 to grant a downward dispositional departure to a defendant with severe and persistent mental illness when an executed sentence of imprisonment was mandatory under Minn.Stat. § 609.11, subd. 8(b)?

## ANALYSIS

■ Appellant argues the district court erred by concluding that it was not authorized under Minn.Stat. § 609.1055 to stay a prison sentence when an executed sentence is mandatory pursuant to Minn.Stat. § 609.11, subd. 8(b). This is an issue of statutory interpretation and construction that we review de novo. *State v. Gaiovnik,* 794 N.W.2d 643, 646 (Minn.2011).

The object of all statutory interpretation and construction is to determine and effectuate the intent of the legislature. Minn. Stat. § 645.16 (2012); *State v. Crawley,* 819 N.W.2d 94, 102 (Minn.2012), *cert. denied,* —— U.S. ——, 133 S.Ct. 1493, 185 L.Ed.2d 548 (2013). We give effect to the plain and unambiguous language of a statute as a clear manifestation of legislative intent. *State v. Campbell,* 814 N.W.2d 1, 4 (Minn.2012). We do not examine different provisions in isolation, but interpret them within their broader statutory context. *Id.; Gaiovnik,* 794 N.W.2d at 647. "Every law shall be construed, if possible, to give effect to all its provisions." Minn.Stat. § 645.16; *see also State v. Heiges,* 806 N.W.2d 1, 15 (Minn.2011). When a general provision in one law conflicts with a more specific provision in another law, "the two shall be construed, if possible, so that effect may be given to both." Minn. Stat. § 645.26, subd. 1 (2012); *see also State v. Cottew,* 746 N.W.2d 632, 639 (Minn.2008) (stating that statutory provi-

sions should be construed to avoid conflict with other statutes). If the two statutes are irreconcilable, the specific provision shall be construed as an exception to the general provision. Minn.Stat. § 645.26, subds. 1, 4 (2012); *State v. Ronquist*, 600 N.W.2d 444, 447 (Minn.1999).

Appellant was convicted of possession of a firearm by an ineligible person in violation of Minn.Stat. § 624.713, subd. 1(2), requiring a mandatory minimum sentence of five years' imprisonment. Minn.Stat. § 609.11, subd. 5(b). And because of appellant's prior conviction of the same offense, execution of that sentence is mandatory. Minn.Stat. § 609.11, subds. 8(b), 9 (2010). Nevertheless, appellant argues that the district court was not precluded from staying defendant's sentence under Minn.Stat. § 609.1055, which provides:

> When a court intends to commit an offender with a serious and persistent mental illness ... to the custody of the commissioner of corrections for imprisonment ... the court, when consistent with public safety, *may* instead place the offender on probation or continue the offender's probation and require as a condition of the probation that the offender successfully complete an appropriate supervised alternative living program having a mental health treatment component.

Minn.Stat. § 609.1055 (emphasis added).

Appellant argues that Minn.Stat. § 609.11, subd. 8(b), which requires execution of appellant's mandatory minimum sentence, and Minn.Stat. § 609.1055, which appears to grant the district court discretion to stay execution of appellant's sentence, are irreconcilable. And because section 609.1055 was the later-enacted statute, and is more specific, appellant continues, it should control. *See* Minn.Stat. § 645.26, subds. 1, 4.

■ But even though the statutes appear to conflict, we must attempt to construe the statutes together, if possible, to give effect to both. Minn.Stat. § 645.26, subd. 1; *State v. Richmond*, 730 N.W.2d 62, 69 (Minn.App.2007), *review denied* (Minn. June 19, 2007). In doing so, we conclude that, in the broader context of the statutory sentencing scheme, there is no conflict because, under Minn.Stat. § 609.1055, "serious and persistent mental illness" is a mitigating factor that may justify a downward departure, unless that discretion is removed by a mandatory sentencing statute.

■ Under Minn.Stat. § 609.135 (2010), the district court has discretion to stay execution or imposition of a sentence, unless "a sentence of life imprisonment is required by law, or [ ] a mandatory minimum sentence is required by section 609.11," as it is here. Even if an offender is subject to a mandatory minimum sentence, the district court may still sentence a defendant "without regard to the mandatory minimum ... if the court finds substantial and compelling reasons to do so." Minn.Stat. § 609.11, subd. 8(a) (2010). "A sentence imposed under this subdivision is a departure from the Sentencing Guidelines." *Id.* Section 609.1055 operates as such a departure, permitting imposition of probation "when the court [otherwise] intends to commit an offender with a serious and persistent mental illness." Minn.Stat. § 609.1055.

■ But under this interpretation, here the district court did not have discretion to downwardly depart. "[T]he court may not, on its own motion or the prosecutor's motion, sentence a defendant without regard to the mandatory minimum sentences ... if the defendant previously has been convicted of an offense ... in which the defendant ... possessed a firearm," as appellant has. Minn.Stat. § 609.11, subd.

8(b); *see also State v. Sheppard,* 587 N.W.2d 53, 56 (Minn.App.1998) (holding that the district court has "no discretion to depart from minimum sentences under those circumstances described in section 609.11, subd. 8(b)"), *review denied* (Minn. Jan. 27, 1999). Just as subdivision 8(b) of section 609.11 acts as an exception to subdivision 8(a) by prohibiting downward departure under specific circumstances, subdivision 8(b) also acts as an exception to Minn.Stat. § 609.1055 by expressing one circumstance in which the district court's general discretion to downwardly depart is removed.[2]

Furthermore, unlike appellant's interpretation, our interpretation reconciles the two statutes while giving effect to both. *See* Minn.Stat. 645.26, subd. 1. It recognizes that Minn.Stat. § 609.1055 provides an additional ground for dispositional departure in certain circumstances, yet it also gives effect to the mandatory language in Minn.Stat. § 609.11, subd. 8(b), which prohibits a downward departure from a mandatory minimum sentence for offenders with a prior conviction of an offense involving a firearm. Although appellant argues that this interpretation is inconsistent with the language of Minn. Stat. § 609.1055, which, viewed in isolation, appears to grant discretion to depart without exception, our interpretation is consistent with the broader sentencing scheme, in which a district court generally has discretion to downwardly depart for substantial and compelling reasons, but has no discretion to issue a probationary sentence in firearms cases that fall under the minimum sentence statute. *See* Minn.Stat. § 609.135, subd. 1; *State v. Jonason,* 292 N.W.2d 730, 733 (Minn.1980).

The sentencing guidelines provide support for this interpretation. "When the words of a law are not explicit, the intention of the legislature may be ascertained by considering … administrative interpretations of the statute." Minn.Stat. § 645.16(8). The Minnesota Sentencing Guidelines Commission has interpreted Minn.Stat. § 609.1055 as authorizing district courts to consider "serious and persistent mental illness" as a mitigating factor that can warrant a downward dispositional departure. Minn. Sent. Guidelines 2.D.2.a.(6) (Supp.2011). But the discretion to downwardly depart based on the existence of mitigating factors is removed if the execution of a prison sentence is required under Minn.Stat. § 609.11, subd. 8(b). Minn. Sent Guidelines cmt. 2.E.05 (Supp.2011); *Sheppard,* 587 N.W.2d at 55.

■ Appellant argues this interpretation ignores the canons of statutory construction favoring a more specific statute over a conflicting general statute, and a newer statute over a conflicting older statute. But these canons are only relevant if the two statutory provisions cannot be reconciled. *See* Minn.Stat. § 645.26, subd. 1.

**2.** Appellant argues that, under *State v. Molacek,* a district court may exercise its sentencing discretion under Minn.Stat. § 609.1055 in cases where the defendant is subject to a mandatory minimum sentence under Minn. Stat. § 609.11. No. A05–499, 2005 WL 2429962, at *6 (Minn.App.2005). This case is unpublished, and therefore it is not binding upon this court. *See* Minn.Stat. § 480A.08, subd. 3 (2012) (stating that "[u]npublished opinions of the Court of Appeals are not precedential"); *Vlahos v. R & I Constr., Inc.,* 676 N.W.2d 672, 676 n. 3 (Minn.2004). And, as appellant concedes, the defendant in *Molacek* did not have a prior conviction for an offense involving a firearm, so the provision within Minn.Stat. § 609.11, subd. 8(b), prohibiting a downward departure was not applicable. *See* Minn.Stat. § 609.11, subd. 8(b) (prohibiting downward dispositional departure where offender has a prior conviction of a listed offense in which the defendant "used or possessed a firearm"); *Molacek,* 2005 WL 2429962, at *2 (stating that Molacek had a criminal-history score of zero). *Molacek* is therefore inapposite.

And because the two statutes can be reconciled, we need not consider which section is newer or more specific.

Finally, appellant argues that, if the legislature intended Minn.Stat. § 609.11, subd. 8(b), to act as an exception to Minn. Stat. § 609.1055, it would have amended subdivision 8(b) by adding the introductory phrase, "Notwithstanding section 609.1055." But this argument could easily support the opposite position: that if the legislature intended Minn.Stat. § 609.1055 to act as an exception to Minn.Stat. § 609.11, subd. 8(b), section 609.1055 would have been drafted to begin, "Notwithstanding section 609.11, subdivision 8(b)." We decline to assign any significance to either omission. *See Metro. Sports Facilities Comm'n v. Cnty. of Hennepin*, 561 N.W.2d 513, 516–17 (Minn.1997) (stating that an appellate court will decline to read into a statute "a provision the legislature purposely omits or inadvertently overlooks" (quotation omitted)).

## DECISION

Because an executed sentence of imprisonment is mandatory for appellant's offense under Minn.Stat. § 609.11, subd. 8(b), the district court correctly held that it did not have discretion to issue a probationary sentence based on appellant's serious and persistent mental illness under Minn.Stat. § 609.1055.

**Affirmed.**