*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1896**

State of Minnesota,
Respondent,

vs.

Abel Gonyamonquah Miamen,
Appellant.

**Filed December 5, 2016
Affirmed
Reilly, Judge**

Ramsey County District Court
File No. 62-CR-15-2073

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Samuel J. Clark, St. Paul City Attorney, Kyle A. Lundgren, Laura A. Pietan, Assistant City Attorneys, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sara J. Euteneuer, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Connolly, Presiding Judge; Bjorkman, Judge; and

Reilly, Judge.

UNPUBLISHED OPINION

**REILLY**, Judge

Appellant challenges his conviction of violating a domestic abuse no contact order on the grounds that (1) the district court erred by admitting relationship evidence and (2) the prosecutor committed misconduct during closing argument. We affirm.

## FACTS

This appeal arises out of appellant Abel Miamen's conviction of violating a domestic abuse no contact order (DANCO) against former girlfriend, N.P. On March 21, 2015, at 2:00 a.m., St. Paul police officers responded to a disturbance in a parking lot behind a club and observed a group of people fighting. Appellant informed an officer that he was with his girlfriend, N.P., and they were looking for a ride home. A routine records search revealed that N.P. had an active DANCO against appellant. The officers arrested appellant for violating the DANCO and arrested N.P. and several other individuals for participating in the fight. The officers placed appellant into custody at the Ramsey County Law Enforcement Center. While in custody, appellant called an unidentified female, provided her with N.P.'s phone number, and instructed her to tell N.P. to have the DANCO lifted.

The state charged appellant with violating a DANCO and the matter proceeded to a jury trial. The state sought to introduce relationship evidence at trial, including (1) appellant's May 2013 domestic assault strangulation conviction and (2) the in-custody phone calls during which appellant attempted to locate N.P. and directed "an unidentified female to tell [N.P.] to cancel the [DANCO]." The defense objected to introduction of the

2

evidence at trial.  The district court admitted the evidence under Minn. Stat. § 634.20 or, in the alternative, under Minnesota Rule of Evidence 404(b).  The district court held that appellant's domestic abuse strangulation conviction was "relevant," placed the relationship "in context," because it provided the basis for the DANCO and demonstrated "absence or lack of mistake[] or accident."  The district court characterized the in-custody phone calls as "clearly relationship evidence" under section 634.20, and ruled that the evidence was also admissible under rule 404(b) to prove appellant's "state of mind, intent, knowledge of the no contact order, and lack of mistake or accident."  In both instances, the district court determined that the probative value of the evidence outweighed the danger of unfair prejudice.

The district court read a cautionary instruction before admitting the evidence:

> Members of the jury, the State is about to introduce evidence of occurrences on May 4th, 2013 . . . .  This evidence is being offered for the limited purpose of assisting you in determining whether the defendant committed those acts with which the defendant is charged in this complaint and for demonstrating the nature and extent of the relationship between the defendant and [N.P.].  This evidence is not to be used to prove the character of the defendant or that defendant acted in conformity with such character.  The defendant is not being tried for, may not be convicted of, any offense, other than the charged offense.  You are not to convict defendant on basis of occurrences on May 4, 2013 . . . , to do so might result in unjust double punishment.

The state called a Minneapolis police officer to provide testimony about appellant's domestic assault strangulation conviction.  The officer testified that he responded to an incident at appellant's house in May 2013, when appellant punched N.P. in the face with his closed right fist, pulled her into a shower and ran hot water over her, punched her in the

3

head while she held their child, kicked her in the stomach, and placed both hands around her neck and applied pressure until she began to lose consciousness.

The state also presented evidence that appellant had been convicted of an attempted DANCO violation, based upon the in-custody phone calls following his March 2015 arrest.

The jury found appellant guilty of the offense. This appeal follows.

## D E C I S I O N

### I.    The district court did not err by admitting relationship evidence.

#### a.  A DANCO violation qualifies as domestic conduct.

Minnesota Statutes section 634.20 (2014) governs the admissibility of evidence related to a defendant's prior incidents of domestic abuse. *State v. Lindsey*, 755 N.W.2d 752, 755 (Minn. App. 2008), *review denied* (Minn. Oct. 9, 2008). This evidence is commonly referred to as "relationship evidence." *State v. Matthews*, 779 N.W.2d 543, 549 (Minn. 2010). Relationship evidence is distinct from rule 404(b) bad-acts evidence because it evinces "prior conduct between the accused and the alleged victim and may be offered to illuminate the history of the relationship, that is, to put the crime charged in the context of the relationship between the two." *State v. McCoy*, 682 N.W.2d 153, 159 (Minn. 2004), *superseded by statute* 2002 Minn. Laws ch. 314, § 9, at 516 (codified at Minn. Stat. § 634.20 (2002)), *as recognized in Lindsey*, 755 N.W.2d at 755. A defendant is presumed to be aware that his prior relationship with the victim, "particularly in so far as it involves ill will or quarrels," may be offered against him at trial. *Id*. at 159-60 (quotation omitted). We review a district court's decision to admit relationship evidence for an abuse of

4

discretion. *Lindsey*, 755 N.W.2d at 755. Appellant bears the burden of establishing that the district court abused its discretion and that he was prejudiced. *Id.*

Minnesota Statutes section 634.20 provides that:

> Evidence of domestic conduct by the accused against the victim of domestic conduct, or against other family or household members, is admissible unless the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. "Domestic conduct" includes, but is not limited to, evidence of domestic abuse, violation of an order for protection under section 518B.01; violation of a harassment restraining order under section 609.748; or violation of section 609.749 or 609.79, subdivision 1. "Domestic abuse" and "family or household members" have the meanings given under section 518B.01, subdivision 2.

Minn. Stat. § 634.20.

Appellant argues that evidence of his past convictions was not admissible as relationship evidence because a DANCO violation does not constitute "domestic conduct" as that term is defined in Minn. Stat. § 634.20. The statute defines "domestic conduct" as "evidence of domestic abuse, violation of an order for protection under section 518B.01; violation of a harassment restraining order under section 609.748; or violation of section 609.749 or 609.79, subdivision 1." *Id.* Appellant argues that the legislature included DANCO violations in its definition of "qualified domestic violence-related offenses" in Minn. Stat. § 518B.01, subd. 2(c), but elected not to characterize "qualified domestic violence-related offenses" as "domestic conduct" in section 634.20. Therefore, appellant argues that DANCO violations are excluded from the statutory definition of "domestic abuse" under a plain reading of the statute.

We are not persuaded. First, a DANCO violation is only issued by a court in a criminal proceeding related to domestic conduct crimes. *See* Minn. Stat. § 629.75, subd. 1(1) (2014). A DANCO may be issued in cases involving: (1) a domestic abuse crime as defined in Minn. Stat. § 518B.01, subd. 2; (2) harassment or stalking a family or household member under Minn. Stat. § 518B.01, subd. 2; (3) a violation of an order for protection; or (4) a violation of a previous DANCO. *See id.* Because a DANCO violation necessarily implicates domestic conduct, it would be absurd to exclude it from section 634.20's scope. *See* Minn. Stat. § 645.17(1) (2014) (articulating the presumption that the legislature does not intend an absurd result). Moreover, appellant's argument ignores the statutory provision that "'[d]omestic conduct' includes, *but is not limited to*, evidence of domestic abuse." Minn. Stat. § 634.20 (emphasis added). Considering the statute as a whole, we determine that a DANCO violation qualifies as domestic conduct under a plain reading of section 634.20. *See State v. Mayl*, 836 N.W.2d 368, 370 (Minn. App. 2013) ("We do not examine different provisions in isolation, but interpret them within their broader statutory context."), *review denied* (Minn. Nov. 12, 2013). We therefore conclude that evidence of appellant's DANCO violation conviction may properly be considered "domestic conduct" within the meaning of Minn. Stat. § 634.20.

### b. The probative value of the relationship evidence outweighs its prejudicial effect.

Relationship evidence is admissible unless the probative value of that evidence is substantially outweighed by the danger of unfair prejudice. *See* Minn. Stat. § 634.20. "When balancing the probative value against the potential prejudice, unfair prejudice is not

merely damaging evidence, even severely damaging evidence; rather, unfair prejudice is evidence that persuades by illegitimate means, giving one party an unfair advantage." *Lindsey*, 755 N.W.2d at 757 (quotations omitted).

The district court determined that the probative value of the evidence outweighed the danger of unfair prejudice. The district court found that the domestic abuse strangulation conviction was "relevant" and placed the relationship "in context," and that the DANCO violation arising out of the in-custody phone calls lent context to the parties' relationship. In both instances, the district court found that the probative value of the evidence outweighed the danger of unfair prejudice. The district court's decision is supported by our previous decisions. *See, e.g.*, *Lindsey*, 755 N.W.2d at 756 (stating that evidence "which places the event in context bolsters its probative value"); *McCoy*, 682 N.W.2d at 161 (recognizing that relationship evidence "assist[s] the jury by providing a context with which it could better judge the credibility of the principals in the relationship"); *State v. Waukazo*, 374 N.W.2d 563, 565 (Minn. App. 1985) (determining that the district court acted within its discretion in admitting relationship evidence to "illuminate" the relationship and place crime in the "proper context"), *review denied* (Minn. Nov. 1, 1985). The relationship evidence provided context for appellant and N.P.'s relationship, had significant probative value, and assisted the jury in assessing the credibility of the witnesses. *See Lindsey*, 755 N.W.2d at 757 (noting that relationship evidence has "significant probative value in assisting the jury to judge witness credibility").

Further, the district court minimized any potential prejudice by providing a cautionary instruction to the jury. A limiting instruction to the jury mitigates the potential

7

for unfair prejudice, *State v. Kennedy*, 585 N.W.2d 385, 392 (Minn. 1998), and we assume that the jury follows the district court's instructions. *State v. Ferguson*, 581 N.W.2d 824, 833 (Minn. 1998). Prior to trial, the parties agreed to a cautionary instruction and the district court instructed the jury that the witness's testimony was offered for the "limited purpose" of assisting the jury in their deliberations "and for demonstrating the nature and extent of the relationship between the defendant and [N.P.]." The district court cautioned that the evidence could not be used to prove appellant's character or that he acted in conformity with that character. These cautionary instructions "lessened the probability of undue weight being given by the jury to the evidence." *Lindsey*, 755 N.W.2d at 757 (quotation omitted).

We therefore conclude that the district court did not abuse its discretion by admitting appellant's prior domestic abuse strangulation conviction and DANCO violation conviction as relationship evidence under Minn. Stat. § 634.20.[1]

## II. The prosecutor's unobjected-to statements during closing argument do not constitute prosecutorial misconduct.

The standard of review "for claims of prosecutorial error depends on whether an objection was raised at the time of the alleged error." *State v. Yang*, 774 N.W.2d 539, 559 (Minn. 2009). Appellant did not raise an objection at trial and we therefore review under a modified plain-error standard. *State v. Ramey*, 721 N.W.2d 294, 302 (Minn. 2006). This

---

[1] Appellant also challenges the district court's decision to admit the evidence under Minnesota Rule of Evidence 404(b). Because we determine that the evidence was properly admitted as relationship evidence under Minn. Stat. § 634.20, we do not address this alternative argument.

standard requires appellant to establish that the prosecutor committed an error and that the error was plain. *Id.* An error is plain if the prosecutor's conduct "contravenes caselaw, a rule, or a standard of conduct." *Id.* If appellant demonstrates that a plain error occurred, the burden shifts to the state to demonstrate that the error did not affect appellant's substantial rights. *Id.* "If the state fails to demonstrate that substantial rights were not affected, 'the appellate court then assesses whether it should address the error to ensure fairness and the integrity of the judicial proceedings.'" *State v. Davis*, 735 N.W.2d 674, 682 (Minn. 2007) (quoting *State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998)). Ultimately, we will reverse a conviction "only if the [prosecutorial] misconduct, when considered in light of the whole trial, impaired [appellant's] right to a fair trial." *State v. Powers*, 654 N.W.2d 667, 678 (Minn. 2003).

The prosecutor argued:

> [The evidence] points to one fact and one fact only that [appellant] on March 21, 2015, violated [the DANCO] and . . . should be held accountable for that offense. . . . We don't know everything about the history of this relationship, the dynamics of this relationship. I'd submit to you that [the district court judge] who signed that no-contact order, knows more about this relationship than you and I ever will. She saw it fit to try to protect [N.P.], to try to keep these two people apart. And you can see what happens when they get together. Bad things happen. We don't want that to happen.

Appellant asserts that the prosecutor's statements that the district court judge "knows more about this relationship than you and I ever will" and "saw it fit to try to protect [N.P.], to try to keep these two people apart," insinuated the existence of evidence not admitted at trial and aroused the passions and biases of the jurors. While the prosecutor

9

may "argue all reasonable inferences from evidence in the record," the prosecutor may not "intentionally . . . misstate the evidence or mislead the jury as to the inferences it may draw." *State v. Smith*, 876 N.W.2d 310, 335 (Minn. 2016) (quotations omitted). Thus, a prosecutor "may not seek a conviction at any price" and "must avoid inflaming the jury's passions and prejudices against the defendant." *State v. Porter*, 526 N.W.2d 359, 362-63 (Minn. 1995). Here, the prosecutor's statements either had factual support in the record or were reasonable inferences drawn from the evidence. The evidence supports the prosecutor's statements that the district court in the underlying domestic abuse case issued a DANCO to protect N.P. The prosecutor's comments were based on evidence produced at trial and did not "impinge on juror independence" or otherwise inflame the passions of the jury. *Id.* at 364.

Appellant argues that the prosecutor attempted to align the prosecution with the jury by stating that "[w]e don't want [bad things] to happen." "[A] prosecutor is not a member of the jury, so to use 'we' and 'us' is inappropriate and may be an effort to appeal to the jury's passions." *State v. Mayhorn*, 720 N.W.2d 776, 790 (Minn. 2006). However, the use of the word "we" could also "reasonably be interpreted . . . to refer to everybody who was in court when the evidence was presented." *Nunn v. State*, 753 N.W.2d 657, 663 (Minn. 2008). In the latter instance, the use of the word "we" does not constitute misconduct. *Id.* When read in context, the prosecutor's comment was not intended to place appellant and the prosecutor in separate groups, but instead referred to the entire courtroom. *See id.* (stating that prosecutor did not use "we" to place defendant in a separate group). The prosecutor's use of the word "we" does not constitute misconduct.

Appellant challenges the prosecutor's statement that appellant "should be held accountable." Appellant argues that the prosecutor's reference to "accountability" diverted the jury's attention away from determining whether the state met its burden of proving guilt beyond a reasonable doubt. A prosecutor may "talk about accountability, in order to help persuade the jury not to return a verdict based on sympathy for the defendant," provided the prosecutor does not emphasize accountability to the extent that it diverts the jury's attention away from its role of "deciding whether the state has met its burden of proving defendant guilty beyond a reasonable doubt." *State v. Montjoy*, 366 N.W.2d 103, 109 (Minn. 1985). Here, the prosecutor's reference to "accountability" was brief and did not "cross[] the line of propriety." *Id*. Further, the district court properly instructed the jury on the state's burden of proof. The district court advised the jury that "[t]he defendant is presumed innocent of the charge made. This presumption remains with the defendant, unless and until, the defendant has been proven guilty beyond a reasonable doubt." The prosecutor did not commit misconduct by referencing the word "accountability" in closing.

Because appellant has not met his burden of establishing that a plain error occurred, we do not reach the issue of whether appellant's substantial rights were affected. *See Montanaro v. State*, 802 N.W.2d 726, 732 (Minn. 2011) ("[I]f we find that any one of the requirements [under the plain-error test] is not satisfied, we need not address any of the others.").

**Affirmed.**

11